O’CONNELL, Justice.
The employer and carrier seek review of an order of the Full Commission affirming the order of the deputy.
*854 On February 13, 1960, claimant began work as a cook for the employer Wesley’s Inc. Four days later he ceased work because of contact dermatitis on his hands and body. Claimant did not ask the employer to furnish medical treatment, but rather sought treatment by a general practitioner of his own choice. On March 6, 1960 the claimant, with approval of his doctor, returned to work as a cook with the same employer. He continued this work until March 19, 1960 when he ceased work due to aggravation of a pre-existing back condition. An orthopedic specialist who treated the back ailment testified that claimant reached maximum medical recovery on April 4, 1960 with no greater disability than he had prior to the occurrence of the aggravation.
Claimant made no effort to return to work for the employer Wesley’s Inc. because of an argument with the employer over his failure to give notice that he would not report to work after the aggravation of his back condition.
During the period of recovery from the aggravation of his back claimant continued to be treated for dermatitis. The treating physician testified that he released claimant from further treatment on April 28, 1960 because he had no major symptoms of dermatitis remaining.
It should be noted here that the carrier paid claimant for all benefits due for the back condition and for all temporary benefits due to the contact dermatitis through April 10, 1960. It should be further noted that the question of further benefits due to the aggravation of the back ailment is not in issue here.
Claimant pursued his claim for disability due to the dermatitis. The employer and carrier controverted the claim.
After the first hearing held in July 1960 the deputy directed that claimant be examined by a dermatologist, which was done. The dermatologist testified that when he examined claimant on July 22 and again on August 22, 1960 he was free of lesions, i-e., he was clear of the symptoms of the dermatitis. Between August 22 and 26 this specialist gave claimant patch tests, which produced positive reaction to two' substances used by claimant in his work with the employer. These tests caused a flare-up in the dermatitis from which claimant reached maximum medical recovery on December 17, 1960,
Thereafter in. January 1961 claimant worked five days as a cook for another employer, The Spot Restaurant, and again suffered a flare-up of dermatitis. The Spot Restaurant is not a party to these proceedings.
In his order the deputy found that on or about February 17, 1960 claimant suffered' an occupational disease due to his employment. He also found that on March 19, 1960 claimant suffered aggravation of a preexisting back condition. He found that the aggravation of the back injury terminated on April 30, 1960 and that claimant was temporarily totally disabled by the dermatitis from April 10 to April 30, 1960. He also found that because of the dermatitis claimant was temporarily partially disabled from April 30 to December 17, 1960.
The deputy found that claimant could not return to his occupation as a “wet cook”, at which he was earning $75.00 per week, but that there were other jobs open to him in which he could earn $55.00 a week. On this basis he determined that claimant had suffered a $20.00 per week wage earning loss which he converted into a 27\/2 per cent disability of the body as a whole. The deputy ordered that claimant be paid temporary total disability from April 10 to April 30, 1960, temporary partial disability from April 30 to December 17, 1960, and 96J4 weeks of permanent partial disability.
On application for review the Full Commission affirmed the deputy’s order.
In the petition for certiorari now before us, the employer and carrier first contend *855 that the deputy erred in finding the claimant was temporarily totally disabled from April 10 to April 30, 1960 because of the dermatitis.
The claimant-respondent counters iby pointing out that in his application for -review filed with the Full Commission the ■employer and carrier did not specifically .raise this issue as required by Sec. 440.25 (4) (a), F.S.A., and argue that this issue should not be considered for the first time in this Court.
The respondent is correct. The petition-ers did not present this issue to the Full ■Commission “concisely and precisely” as required by the statute above cited. We Therefore will not consider it here.
The employer and carrier next ar■gue that the deputy erred in finding claimant to be temporarily partially disabled, because of the dermatitis, from April 30 to December 17, 1960.
All the evidence shows that from the -time the general practitioner released claim.ant from further treatment on either April 28 or 30, 1960 to the date of the flare-up on August 26, 1960, caused by the administration of the patch tests, claimant’s dermatitis was in remission. While the pros-pect of another flare-up may well be said to be disabling in that it prevented the claimant from returning to his employment as a “wet cook” during this period, it cannot be said to be only temporarily disabling. Claimant’s increased sensitivity to the substances and conditions thought to cause the -flare-ups was apparently permanent from and after April 30, 1960 at the latest.
We find no basis in the record for the - finding of temporary partial disability after April 30, 1960, the date on which claimant was released from treatment for dermatitis by his physician, to the date of the flare-up on or about August 26, 1960.
However the record clearly supports a finding of disability from August 26 to De-cember 17, 1960, the date on which the dermatologist testified that claimant reached maximum medical recovery from the flare-up caused by the patch tests.
In their next point, the employer and carrier first assail the deputy’s finding of 27vi per cent disability of the body as a whole and in the alternative argue that under Sec. 440.151(5), F.S.A. the deputy should have assessed liability for such permanent partial disability against the employer for whom the claimant worked in January 1961 in which employment claimant was last exposed to conditions causing a flare-up in his dermatitis, i. e., against The Spot Restaurant.
We must reject the alternative argument of petitioners. We are not here called upon to decide whether the claimant would have a claim against The Spot Restaurant for whom he worked in January 1961. The facts of this case do demonstrate that claimant suffered contact dermatitis for the first time in his life while working for the employer who is one of the petitioners here. He filed a claim in due time prior to suffering exposure in another employment which clearly distinguishes this case from those in which a claimant suffered exposure in several employments before filing a claim.
Whatever liability is ultimately assessed in this case for the disability suffered by claimant prior to his employment by The Spot Restaurant is that of the petitioners herein.
In reaching his finding of 27^ per cent disability the deputy stated that there were various jobs open to claimant which would pay him $50.00 to $60.00 per week. The evidence shows that, except for “wet cooking”, the claimant is not disabled from working because of the dermatitis. Our knowledge of present economic conditions and wage scales convinces us that the wage figures of $50.00 to $60.00 per week used by the deputy in measuring claimant’s wage earning capacity loss are not unreasonable. Nevertheless, we find no evidence in the *856 record to support these figures and therefore we cannot say that they or the resulting determination of wage earning capacity loss are based on competent substantial evidence.
On remand the deputy must also reconsider and make a new award of attorney’s fees based upon the benefits awarded claimant under any new order entered in this cause.
For the reasons above expressed the petition for certiorari is granted in part and denied in part, the order of the Full Commission is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
DREW, C. J., and ROBERTS, THOR-NAL and CALDWELL, JJ., concur.