BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the Industrial Relations Commission which reversed the award of 42% permanent partial disability to petitioner herein.
Petitioner sustained a permanent back injury by accident arising out of and in the course of his employment on March 14, 1968, when he fell about 10 feet into a ditch, landing on his back on some lumber. The employer-carrier voluntarily paid workmen’s compensation for 5% permanent partial disability of the body as a whole. The medical and anatomical ratings given by the doctors were approximately 5% permanent partial disability. The Judge of Industrial Claims, however, found that claimant’s wage earning capacity had been impaired by 42% as a result of the accident. In reaching this conclusion, the Judge considered the fact that petitioner is 32 years of age, has a low I.Q., is a functional illiterate with a “splendid work record as an unskilled laborer but with no experience or training qualifying him for light sedentary work.” The Judge found that claimant has a psychiatric condition, a neurotic reaction from his back injury, and is not a malingerer. The Judge further found that claimant is unable to do heavy work as before the accident but that light bench assembly or packaging jobs paying $1.20 to $1.50 an hour might be available.
The Full Commission reversed and remanded as to the Judge’s findings on petitioner’s diminution of wage earning capacity. The Full Commission stated in pertinent part as follows:
“It appears that the judge based his de-sicion (sic) of los of wage earning capacity on the claimant’s inability to perform the heavy work that he had done before the accident. To our mind, pain and inability to perform heavy work does not necessarily indicate a loss of wage earning capacity. * * *
*298 “As the Supreme Court and this Commission have stated on innumerable occasions, . the proper test to determine a loss of wage earning capacity is the difference in the ability of the claimant to complete in the open labor market before and after a non-scheduled injury. In determining claimant’s ability to compete in the open labor market, such ability is not to be measured in terms of whether he can perform only the same work being performed at the time of the injury, but rather by his ability to earn wages in the same or any other type of work which he is capable and qualified to perform.”
The foregoing statement of the law regarding the test for disability is in complete accord with the Statute.[1] However, we disagree with the Full Commission’s interpretation of the judge’s order in this case. The judge’s order considers the variables set out by this Court in Southern Bell Telephone and Telegraph Company v. Bell, 116 So.2d 617 (Fla.1959) and finds that claimant’s relatively small physical impairment coupled with his low I.Q., illiteracy, lack of training and neurotic reaction, have reduced his wage earning capacity, in any type of work, by 42%.
We find that the order of the judge is supported by competent substantial evidence and contains sufficient findings of fact. Accordingly, the ruling of the Industrial Relations Commission reversing the order of the Judge of Industrial Claims is quashed with directions to reinstate the judge’s order.
Petition for attorney’s fees is granted in the amount of $500.00.
It is so ordered.
ERVIN, C. J., CARLTON and ADKINS, JJ., and DEKLE, Circuit Judge, concur.

. F.S. § 440.02(9) F.S.A.: “‘Disability’ means incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.”