DANAHY, Judge.'
This workmen’s compensation case comes to us as an appeal from a final order of the trial judge dismissing with prejudice appellant’s petition for rule nisi pursuant to Section 440.24(1), Florida Statutes (1975).
Section 440.24(1) provides that, in case of default by an employer or carrier in the payment of compensation due under a compensation order of a Judge of Industrial Claims, the circuit court shall have jurisdiction to entertain a petition for rule nisi and issue such orders or other process as may be necessary to enforce the terms of the compensation order. Appellant is the workmen’s compensation claimant and appellee is his employer’s workmen’s compensation carrier. Appellant was awarded benefits by an order of a Judge of Industrial Claims. Appellee has made application to the Industrial Relations Commission for review of that award and contends that the application for review effectively presents the entire order for review. The trial judge agreed with appellee and ruled that he had no jurisdiction. Appellant contends that a portion of the award of the Judge of Industrial Claims was not effectively appealed and has become final; therefore, the trial judge had jurisdiction. We agree with appellant, and reverse.
In his order, the Judge of Industrial Claims made the finding that appellant had suffered a 20% permanent physical impairment of the whole body. He further found, however, that appellant was unable to obtain suitable employment, and, therefore, in accordance with the applicable statute,[1] found appellant to be permanently and totally disabled. Accordingly, he ordered that the employer, through appellee, pay appellant permanent total disability compensation at the rate of $105 per week.
Appellee timely filed its application for review by the Industrial Relations Commission of the order entered by the Judge of Industrial Claims and that appeal is now pending. The application contains nine assignments of error as grounds for review. Not one of these refers to the finding of 20% permanent partial disability of the whole body. The first two assignments at *1241 tack the finding of the Judge of Industrial Claims as to the date of maximum medical improvement. The remaining seven assignments all relate to the finding of permanent total disability and the award of benefits based on that finding.
Appellant argues that appellee is, therefore, bound by the finding of 20% permanent disability of the whole body and must pay benefits to appellant accordingly notwithstanding the pending appeal. We believe that this result is dictated by statutory and case law. Section 440.25(4)(a), Florida Statutes (1975) provides in part that:
“The compensation order rendered by the judge of industrial claims shall become final twenty days after the date copies of same are mailed to the parties at the last known address of each, unless within said time any interested party shall make and file with the commission or a judge of industrial claims an application for a review thereof by the commission in accordance with the provisions of this subsection . . . The application must state concisely and particularly the grounds upon which the appellant relies, and the consideration of the commission thereof will be confined solely to the grounds so presented . . . ” (Emphasis added).
The supreme court has held that the Industrial Relations Commission cannot consider a point, whether it relates to a finding, a ruling, or an award, not specifically raised in an application for review. Shell’s City Inc. v. Coles, 145 So.2d 489 (Fla.1962); Wesley’s v. Caramello, 156 So.2d 853 (Fla.1963); and Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla.1974). The Industrial Relations Commission has so held. Stauffer Chemical Company v. Jacobs, I.R.C. No. 2-2650(s) (January 23, 1975). This rule is consistent with the intent of the Workmen’s Compensation Act to provide immediate relief as a substitute for the wages of the working man with little, if any, delay or long deliberation. Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968).
Appellee argues that its application for review effectively appealed the entire compensation order, for two reasons: first, because the application contained the general recital that it was to apply for “review of the order” entered by the Judge of Industrial Claims, and second, because the application attacked the finding of permanent total disability and this necessarily included the underlying finding of 20% permanent disability of the whole body. We find both points are without merit.
It is not enough to recite generally that a compensation order is contrary to the law and the evidence, or both. Shell’s City, Inc. v. Coles, supra. The general recital in ap-pellee’s application for review is not even that specific. And the finding of 20% permanent partial disability cannot be considered as essential to the finding of permanent total disability, since the latter rested upon findings as to appellant’s inability to obtain suitable employment. It seems to us clear that, although appellee has effectively appealed the finding of permanent total disability, its application for review in no way attacks the finding of 20% permanent partial disability of the whole body.
Accordingly, this case is reversed with instructions to reinstate and grant appellant’s petition for rule nisi and for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and RYDER, J., concur.

. § 440.15(3)(u), Fla.Stat. (1975), applies and provides that “disability” means either physical impairment or diminution of wage earning capacity, whichever is greater.