380 So.2d 1148 (1980)
CITY OF HOLLYWOOD and American Mutual Insurance Company, Appellants,
v.
Philip CASTORA, Appellee.
No. QQ-417.
District Court of Appeal of Florida, First District.
March 10, 1980.
Donald D. Gillis and Thomas R. Trompeter, of Underwood, Gillis, Karcher, Reinert & Valle, Miami, for appellants.
George V. Lanza, R. David Donlin, Coral Gables, and Robert E. Huebner, Fort Lauderdale, for appellee.
*1149 PER CURIAM.
Pursuant to a remand from the Industrial Relations Commission, the deputy commissioner entered the order currently on appeal. In doing so, he recited his initial findings and merely substituted an award of 65% permanent partial disability for his initial award of permanent total disability.
In an effort to arrive at wage earning capacity, the deputy speculated as follows:
... In all probability, the Claimant would be able to demonstrate a wage earning capacity at the minimum federal hourly wage rate ... $106.00 weekly ... premised upon an hourly rate of $2.65 per hour and a forty hour work week... .
Florida's Supreme Court, in Wesley's Inc. v. Caramello, 156 So.2d 853 (Fla. 1963), put to rest such conjecture by pointing out that while the deputy's finding with regard to wages the claimant can earn might not be unreasonable in light of his knowledge of present economic conditions and wage scales, nevertheless, the determination is not based on competent substantial evidence unless there is some evidence in the record to support the figures arrived at by the deputy. Id. at 855, 856. The deputy's speculation in this instance will not support a wage earning capacity loss.
In its order of remand the Industrial Relations Commission ruled that the claimant had not made a prima facie showing of his industrial unemployability. As a matter of law, a claimant's recovery cannot be predicated upon wage earning capacity loss criteria absent an adequate job search, or its excusal. Exxon Company, U.S.A. v. Alexis, 370 So.2d 1128 (Fla. 1978); Chicken'N'Things v. Murray, 329 So.2d 302 (Fla. 1976). The inadequacy of the claimant's job search is res judicata and finding no basis in the record for excusal, we conclude that the claimant has failed to demonstrate a disability in excess of his anatomical rating, therefore recovery is limited to the 34% anatomical rating which is unchallenged. Accordingly, the award of 65% permanent partial disability is hereby reversed and the cause is remanded for a new order limiting recovery to 34% permanent partial disability.
In his initial order the deputy directed that as between Continental Insurance Company and American Mutual Liability Insurance Company, each carrier shall provide the claimant with such treatment as may be required by the injury sustained from the accident for which that particular carrier was responsible. Absent a timely appeal, this award of future medicals became final twenty days after copies were mailed to the parties. Section 440.25(4)(a), Florida Statutes (1975). The Commission, on remand, noted that Continental Insurance Company was not a party to the appeal and its obligations were fixed by the order of November 15, 1976. The order now being appealed appears to place all responsibility for future medical treatment upon American Mutual Liability Insurance Company and in so doing it is in error and is reversed. See Florida Parole and Probation Commission v. Fry, 9 FCR 324 (1975). American Mutual's liability for future medical treatment is limited to the 1975 accident and injuries resulting therefrom.
As to Point 3, counsel's entitlement to a fee is contingent upon what, if any, benefits he has obtained for his client over and above those benefits voluntarily given by the carrier. This issue shall be reexamined on remand.
The order is reversed and the cause is remanded for entry of an order consistent with this opinion.
ERVIN, SHIVERS and SHAW, JJ., concur.