McCORD, Judge.
Employer/carrier appeals from a workers’ compensation order awarding to appel-lee a 35% permanent partial disability based on a 15% physical impairment and a 20% functional impairment. We reverse and remand.
On January 21,1976, appellee suffered an industrial accident, injuring his lower back. His treating physician testified, and the Judge of Industrial Claims found, that ap-pellee suffered a 15% permanent partial disability of the body as a whole.
At the time of the accident, appellee’s job required that he be able to lift. In his postaccident reports, the treating physician, Dr. Aron, stated that appellee could perform most moderate work, but he placed some limitation on appellee’s ability to bend and lift. The Judge of Industrial Claims specifically accepted the above testimony of Dr. Aron and then concluded that the restrictions on bending and lifting placed on appellant would limit appellant in his ability to find gainful employment of a type similar to and commensurate with his prein-jury earnings. Thereupon, the Judge of Industrial Claims concluded:
I therefore specifically find that the claimant has sustained a 35% permanent partial disability of the body as a whole predicated on a 15% physical impairment, and in accordance with the opinion of Dr. Aron, the operating surgeon, and compounded by a 20% functional impairment which the claimant’s post injury job attempts have demonstrated will lead to work which is light in nature and of a salary type in the range of $75 to $85 a week and of a type which will generally pay from $1.50 to $2 per hour for a 40 hour week.
According to appellee’s own testimony, he restricted his job search mainly to jobs which required lifting. The evidence shows that appellee engaged in a diligent work search which was sufficient to show that his wage-earning capacity is impaired in regard to jobs requiring lifting. However, the record does not show that appellee’s job capabilities and training limit him to accepting only those jobs which require lifting. In Shaw v. Burk Builders, Inc., 240 So.2d 297 (Fla.1970), the court said:
In determining claimant’s ability to compete in the open labor market, such ability is not to be measured in terms of whether he can perform only the same work being performed at the time of the injury, but rather by his ability to earn wages in the same or any other type of work which he is capable and qualified to perform.
In Central Builders Supply of Tampa v. Farramola, IRC Order 2-3655 (1979), the Commission said:
The claimant had the burden of showing an active search for work which must also be sincere, that is compatible with claimant’s physical or other types of limitations ... In the light of the pertinent criteria for determining wage-earning capacity loss and after reviewing the limited work effort displayed in this case, it is clear that claimant has failed to meet the burden of testing his employability in the open labor market after attaining maximum medical improvement. (Citations omitted.)
In City of Hollywood v. Castora, 380 So.2d 1148 (Fla. 1st DCA 1980), this Court found that a judge of industrial claims’ finding with regard to a claimant’s wage-earning capacity is not based on competent substantial evidence unless there is some evidence in the record to support the figures at which the judge arrived. See also Wesley’s Inc. v. Caramello, 156 So.2d 853 (Fla.1963). We find no evidence in the record in this case to support the Judge of Industrial Claims’ conclusion that appellee’s earning power has been reduced to $75 to $85 a week. The above-cited authorities prohibit a judge of industrial claims from merely speculating on wage-earning capacity loss.
On the basis of the foregoing authorities, we conclude that appellee has not carried his burden of testing his employability in the open labor market since he has not shown that he has sought jobs which *820 are within the realm of his present abilities. The record does not contain competent substantial evidence to support the Judge of Industrial Claims’ conclusion that appellee suffered a 20% additional impairment due to a wage-earning capacity loss. We, therefore, reverse the finding of that additional impairment and order that appellee’s recovery from appellant be reduced to a payment of benefits based on the 15% physical impairment which is supported by the record.
The parties stipulated to an award of attorney’s fees in the amount of $1,575 based on the correctness of the Judge of Industrial Claims’ award. Since the award has been successfully challenged, we remand also for reconsideration of attorney’s fees in light of the reduction in the benefits awarded.
Reversed and remanded.
LARRY G. SMITH and WENTWORTH, JJ., concur.