ROBERT P. SMITH, Jr., Judge.
The employer and carrier appeal a compensation order awarding benefits for a 25% permanent partial disability of the body as a whole based on impaired earning capacity, as a result of an on-the-job injury. Appellants complain of the deputy commissioner’s finding that McCormick’s anatomic low back impairment is due 50% to the subject May 1978 injury rather than entirely to congenital low back defects and a 1976 back injury, sustained while in the same employment, and for which a compensation settlement was paid and received; and, assuming the correctness of the compensation order on the first point, they urge that the deputy erred in failing to allow a Section 440.15(5)(c) credit against compensation payable for the present disability in the amount of compensation paid after the 1976 injury, the consequences of which merged with the present disability (say the employer and carrier) to produce more disability than would otherwise have resulted from the subject May 1978 injury. We affirm.
Contending that McCormick’s present anatomic impairment is due entirely to his 1976 injury and congenital back defects, the employer and carrier rely on the testimony of a treating physician who thought McCormick’s 1978 injury was only *1011 a “temporary aggravation” of a condition the doctor assumed was almost continuously painful up to that time. But even assuming that the doctor’s testimony and appellants’ hypothesis are equivalent, the deputy was entitled to rely instead on the credible testimony of claimant McCormick and others who observed him vigorously at work before the 1978 injury and significantly handicapped afterward. Tropicana Pools, Inc. v. Truex, 287 So.2d 71 (Fla.1973). Substantial competent evidence supports the deputy’s finding that half of McCormick’s anatomic disability, rated at 10% of the body as a whole, is attributable to the May 1978 injury.
Section 440.15(5)(c), which is set out in the margin,[1] provides for a credit against disability compensation otherwise payable for a recent industrial injury, in the amount of compensation paid for a prior industrial injury, when the disabling effects of the two merge to produce disability greater than that which would have resulted from the recent injury alone. But there is a proviso, namely, that compensation for the recent injury and disability shall not be less than would have been allowed for that injury had the previous disability not existed.
In this case the deputy found, on substantial competent evidence, that McCormick’s loss of wage-earning capacity wholly resulted from the subject 1978 injury, and that his earning ability was unaffected by the 1976 injury and any congenital defect. In other words, while claimant’s 10% anatomic disability is attributable 50% to previous conditions and 50% to the subject injury, the greater loss of wage-earning capacity resulted entirely from the recent industrial injury. Because Section 440.15(5)(c) forbids that the compensation for this injury be less than that which would have been allowed had the previous anatomic impairment not existed, the deputy’s order is
AFFIRMED.
MILLS, C. J., and WENTWORTH, J., concur.

. Section 440.15(5)(c), Florida Statutes (1977), provides in relevant part:
[I]f an employee who has received compensation under this chapter for a previous permanent partial disability, impairment, or disease incurs a subsequent permanent partial disability from injury ... arising out of and in the course of his employment which merges with the preexisting permanent partial disability, impairment, or disease to cause a permanent partial disability that is greater than that which would have resulted from the subsequent injury or occupational disease alone, the compensation received for the previous permanent partial disability, impairment, or disease shall be deducted from the compensation payable for the subsequent permanent partial disability. However, in no event shall the compensation for the subsequent permanent partial disability be less than that allowed for the degree of disability that would have resulted from the subsequent injury ... if the previous disability had not existed. (Emphasis added.)