407 So.2d 1079 (1982)
UNITED STATES SUGAR CORPORATION and Gallagher Bassett Insurance Service, Appellants,
v.
Edward R. HAYES, Appellee.
No. ZZ-110.
District Court of Appeal of Florida, First District.
January 5, 1982.
*1080 Michael A. Edwards, Law Offices of Charles L. Rowe, West Palm Beach, for appellants.
Charles W. Musgrove and Don Donaldson, West Palm Beach, for appellee.
PER CURIAM.
In this workers' compensation appeal the employer challenges a finding of 50% permanent partial disability based upon loss of wage earning capacity. We find that the Deputy Commissioner improperly took notice of surrounding economic conditions and reverse.
The claimant was employed as a foreman by U.S. Sugar in its farming operations. In September, 1977, while adjusting a plow, the claimant felt a pain in his lower back. The pain persisted and worsened, expanding into his back and legs. The claimant underwent a variety of medical procedures with no relief from the pain. Finally on April 30, 1979, Dr. Hoover, an orthopedic surgeon, found that the claimant had reached maximum medical improvement with a 5-8% PPD. No organic reason for the claimant's pain had been found. In November 1979 the claimant, at his own expense, received back surgery at Duke University. Although no physical reason is known, this surgery resulted in almost complete relief from the pain.
The employer maintained the claimant on its payroll until April 30, 1979. Then, when the physician reported MMI but the claimant still complained of disabling pain, the claimant was given a choice of a year's leave with no promise of a job upon return or termination. He chose termination. The claimant at the time of the hearing was employed as a truck driver with a different employer.
To award PPD on the basis of lost earning capacity a Deputy Commissioner must find a lessened earning capacity caused by the accident. Post-accident wages may be found only following a diligent job search. The record here does support findings of a 50% lower wage and an adequate job search. The Deputy Commissioner further found, with adequate support in the record, that the claimant's employment had been terminated, and further sugar company employment had been denied because of his medical problems resulting from the industrial accident. However, regarding employment conditions in the area, the Deputy made the following finding:
I take notice of the fact that the LaBelle-Clewiston area is essentially a one-industry town in which the major sugar processors and producers pay wages far in excess of those commonly available. Thus, taken on a purely loss of wages basis, the claimant has suffered a 50% loss of earnings as a consequence of this injury. The fact that he was terminated by U.S. Sugar and essentially denied employment from the sugar industry means that the claimant must take work at a much lower pay scale since that is the only work available in the community outside of the industry.
Although the accuracy of these statements may not be subject to question, we find it was error for the deputy to take judicial notice of surrounding employment conditions. While a worker may be compensated for the aggravation of an injury by economic factors, the findings of the Deputy Commissioner as to these factors must be based on record evidence. City of Hollywood v. Castora, 380 So.2d 1148 (Fla. 1st DCA 1980). This is true regardless of the accuracy of the noticed facts. Wesley's, *1081 Inc. v. Caramello, 156 So.2d 853 (Fla. 1963). Apparently the deputy treated the economic conditions of the LaBelle-Clewiston area, and the nature of one-industry towns, as facts not subject to dispute because they are generally known within the territorial jurisdiction of the Deputy Commissioner, Section 90.202(11), Florida Statutes (1979). Employment market conditions are not noticeable as generally known facts nor does a Deputy Commissioner have any special expertise which would allow him to take such notice. E & A Concrete v. Perry, IRC Order 2-3421 (May 3, 1978).
There is another reason why the taking of judicial notice was error. Section 90.204, Florida Statutes (1979), requires that the parties be given a reasonable opportunity to "present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed." This requirement of the evidence code was not complied with here.
With the judicially noticed facts eliminated from consideration, as they must be, the order does not contain sufficient findings to support an award of 50% PPD based on lost wage earning capacity. On remand the deputy shall hold hearings, receive evidence, and make such additional findings as may be necessary as to economic and employment conditions as they relate to claimant's loss of earning capacity.
The order is REVERSED and the cause is REMANDED for further proceedings consistent with this opinion.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.