409 So.2d 1145 (1982)
Arlene LEFFLER, Appellant,
v.
GRAND UNION COMPANY and Crawford & Company, Appellees.
No. AB-500.
District Court of Appeal of Florida, First District.
February 11, 1982.
Robert H. Schott of Gamba, Junod & Schott, Palm City, for appellant.
John L. Phillips of Magill & Reid, West Palm Beach, for appellees.
McCORD, Judge.
The claimant presents the following points on this worker's compensation appeal: (1) That the deputy commissioner erred in failing to take vacation and holiday pay into consideration when determining her average weekly wage; (2) That the deputy erred in finding that she had voluntarily limited her income from April, 1980, through September 7, 1980; (3) That the deputy erred in finding that she could have earned $99.20 per week if she had not limited her earnings; and, (4) That the deputy erred in failing to award penalties and interest. We affirm as to the first two issues and the deputy's denial of penalties; however, we find merit in the other two arguments.
Claimant suffered a compensable injury to her right arm on November 9, 1979, at which time she was employed as a cashier at the Grand Union Grocery Store in Stuart, Florida. She reached maximum medical improvement as of March 12, 1980. However, she did not return to work until September 7, 1980, at which time she was offered a clerical job by Grand Union. She thereafter claimed wage loss benefits between March 12, 1980, and September 7, 1980, and an adjustment in the temporary total disability benefits received previously. Attorney's fees, costs, and interest were also sought.
In his order the deputy made a specific finding, with which we agree, that the claimant had voluntarily limited her income by not conducting an adequate work search after the date of maximum medical improvement. *1146 This finding, in turn, triggers the provisions of Section 440.15(3)(b)(2), Florida Statutes (1979):
The amount determined to be the salary, wages, and other remunerations the employee is able to earn after reaching the date of maximum medical improvement shall in no case be less than the sum actually being earned by the employee, including earnings from sheltered employment. In the event the employee voluntarily limits his or her income or fails to accept employment commensurate with his or her abilities, the salary, wages, and other remuneration the employee is able to earn after the date of maximum medical improvement shall be deemed to be the amount which would have been earned if the employee did not limit his or her income or accepted appropriate employment... . (emphasis supplied)
Having found that the claimant had voluntarily limited her income by not obtaining work within her physical capabilities, the deputy concluded that she was capable of working at certain minimum wage ($3.10), light duty, thirty-two hours per week jobs available in the Stuart area. While finding that the claimant reasonably expected to work at Grand Union during March of 1980 and thus should receive her entire wage loss during that month, the deputy concluded that she would have earned $99.20 per week between April 1, 1980 and the date she returned to work at Grand Union. The thirty-two hours per week figure is apparently derived from the maximum number of hours per week the claimant had worked prior to her accident. However, there is no evidentiary support in the record for the finding that such minimum wage, lightduty, thirty-two hours per week jobs were available in the Stuart area.
While there may well have been such jobs available during the period in question, we find that it was error for the deputy to take judicial notice of the surrounding employment conditions. First, employment market conditions are not noticeable as generally known would allow him to take such notice. United States Sugar Corporation v. Hayes, 407 So.2d 1079 (Fla. 1st DCA 1982). Further, Section 90.204, Florida Statutes (1979), requires that the parties be given a reasonable opportunity to "present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed." Such was not done here. Therefore, with the judicially noticed facts eliminated from consideration, the order does not contain sufficient evidence to support a finding that the claimant had voluntarily limited her income by the amount of $99.20 per week. On remand, the deputy shall hold hearings, receive evidence, and make such additional findings as may be necessary regarding economic and employment conditions as they relate to the claimant's loss of earning capacity during the period in question.
Upon remand the deputy shall also assess interest for all untimely paid benefits. See Dixie Tile & Flooring v. Kish, IRC Order 2-3179 (1977), cert. denied 354 So.2d 980 (Fla. 1977).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
ERVIN and SHAW, JJ., concur.