410 So.2d 971 (1982)
POMPANO ROOFING CO., INC., Appellant,
v.
Freddie O'NEAL, Appellee.
No. AC-101.
District Court of Appeal of Florida, First District.
March 8, 1982.
*972 Walter E. Beisler, Beisler & Wells, West Palm Beach, for appellant.
Emil Jaczynski, Fort Lauderdale, for appellee.
WENTWORTH, Judge.
Employer/carrier appeals a workers' compensation order which we affirm except as to the award of wage loss benefits subsequent to the determined date of maximum medical improvement. No claim was made for such benefits and claimant's attorney expressly conceded that "permanency" was not at issue. The deputy in the circumstances of this case may not rule on issues which are beyond the agreed scope of the hearing, and it was therefore error to order payment of wage loss benefits subsequent to the date of maximum medical improvement. Cf., Bordo Citrus Products v. Varnadore, IRC Order 2-3541 (Sept. 20, 1978), cert. denied, 372 So.2d 466 (Fla. 1979).
Employer/carrier also contends that the deputy erred by "deeming," in accordance with § 440.15(4)(b), Florida Statutes (1979), minimum wage as the amount claimant was able to earn during his period of temporary partial disability. Section 440.15(4)(b) was properly invoked, in the circumstances of this case, upon the deputy's determination that claimant failed to conduct an adequate work search or otherwise sufficiently attempt to return to work. Cf., Leffler v. Grand Union Co., 409 So.2d 1145 (Fla. 1st DCA 1982). Employment market conditions are generally not cognizable by judicial notice, see United States Sugar Corporation v. Hayes, 407 So.2d 1079, (Fla. 1st DCA 1982), and the record in the present case lacks an evidentiary predicate for the deputy's minimum wage finding. However, the record also lacks any evidentiary predicate which would support a conclusion that claimant was capable of securing more remunerative employment. We conclude from the provisions of the cited statute that the burden of proof in this regard must be carried by employer/carrier. Having failed to satisfy this burden in the present case, employer/carrier has failed to demonstrate error in the deputy's finding that claimant was able to secure minimum wage, rather than more remunerative, employment. Claimant has not cross-appealed this finding.
The order appealed is amended so as to delete the language ordering payment of wage loss benefits subsequent to the date of maximum medical improvement, and the order is hereby affirmed as amended.
MILLS and THOMPSON, JJ., concur.