PER CURIAM.
We reverse that portion of the order in this workers’ compensation proceeding awarding to the appellee-claimant a fifty percent (50%) permanent partial disability, based upon loss of wage earning capacity, because claimant’s work search was inadequate, and there is no finding that an adequate work search was excused.[1]
The deputy commissioner evidently was of the opinion that claimant’s disabilities, pain and weakness in her hands which severely impaired her use of her hands and her manual dexterity in general, impacted her ability to obtain or to carry out employment to a greater extent than was reflected by her relatively low (5%) permanent anatomical impairment of the body as a whole. Accordingly, as we did in Scotty’s Inc. v. Jones, 393 So.2d 657 (Fla. 1st DCA 1981), we remand to the deputy commissioner for further proceedings and findings with respect to claimant’s wage earning capacity loss, including consideration of any additional evidence on this point which may be submitted by the parties.[2]
We affirm the deputy commissioner’s finding of five percent (5%) permanent anatomical disability of the body as a whole, since there was competent, substantial evidence to support this finding. In view of our reversal of the wage earning capacity award, however, we also reverse the award of attorney’s fees and remand to the deputy commissioner for further consideration, in the light of our ruling, with respect to benefits obtained by virtue of the services of claimant’s attorney, and the entitlement to attorney’s fees for the same. The order as to costs is affirmed.
REVERSED and REMANDED for further proceedings.
MILLS, LARRY G. SMITH and SHAW, JJ., concur.

. Claimant’s vocational expert testified that based on the results of tests he administered it was his opinion that the open labor market was closed to the claimant. He performed no job canvass. The claimant made no effort to return to her former employment and had contacted only two potential employers in two years. There is no indication that either of these employers had openings. In Florida Division of Corrections v. Morgan, 382 So.2d 1288 (Fla. 1st DCA 1980), we held such testimony combined with a visit to five potential employers was insufficient to establish a loss of wage earning capacity. See also, Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla.1975), wherein the Court held the claimant’s testimony as to continuing pain, her uncertainty concerning her ability to perform work available from her former employer, and her contact with one other potential employer, insufficient.

. While a deputy’s finding as to wages the claimant might earn may not be unreasonable in light of his knowledge of present economic conditions and wage scales, nevertheless, the determination is not based on competent, substantial evidence unless there is some evidence in the record to support the figures arrived at by the deputy. City of Hollywood v. Castora, 380 So.2d 1148 (Fla. 1st DCA 1980), citing, Wesley’s, Inc., v. Caramello, 156 So.2d 853 (Fla.1963).