PER CURIAM.
The employer/carrier, in this appeal from an award of temporary total disability compensation and medical benefits, asserts lack of competent substantial evidence to prove disability or to show causal relation between claimant’s hernia and the accident of March 16, 1980, and error in award of penalties, interest, costs and fees.
Claimant’s medical witness confirmed a causal relationship between the accident and a hernia not immediately diagnosed as such by examining physicians who did not testify. The witness further attest *304 ed claimant’s inability to work, in any occupation for which he is otherwise suited, while suffering a hernia for which he has awaited repair some two and a half years. That testimony amply corroborates claimant’s history of his symptomatology which the deputy found to be credible.
Since the claimant prevailed in a proceeding before the deputy commissioner the award of costs is proper. § 440.34, Florida Statutes (1979).
With respect to attorney’s fees, the decretal portion of the order reads as follows:
It is ordered that the employer . . . shall:

6. Pay the claimant’s attorney a reasonable attorney’s fee. Jurisdiction to award an attorneys fee and determination as to who shall pay same is herein specifically retained.
We do not reach the question of whether the record supports an award of attorney’s fees based on § 440.34(3)(c), because the reservation of jurisdiction to determine who shall pay the fee contradicts the award. Appellant’s fourth point on appeal is therefore premature. We note, however, that this ambiguity has recently recurred with some frequency in orders appealed here, resulting in premature briefing by the parties on the question of entitlement to an award of attorney’s fees. Orders should, of course, be drafted with precision in the disposition of fees as well as other issues.
The order is affirmed subject to determination of the fee issue.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH and WENTWORTH, JJ, concur.