JOANOS, Judge.
The employer and servicing agent (“E/C”) appeal a deputy commissioner’s order, entered following remand of a previous order in this case, see Department of Offender Rehabilitation v. Godwin, 394 So.2d 1091 (Fla. 1st DCA 1981). In the order presently under review, the deputy redetermined the date of MMI, found that claimant had incurred an 8% permanent partial disability (based on anatomic impairment), found that a merger of previous injuries with the present injury had occurred, excused the lack of a job search, and determined claimant is permanently totally disabled based on loss of wage earning capacity. E/C contend the deputy erred in finding that a merger occurred (arguing that all of claimant’s problems pre-existed the August 15, 1977 accident), excusing the job search, determining claimant is permanently totally disabled, and determining claimant’s attorney is entitled to a fee award.
Appellants have clearly tied their contention that the finding of merger was error to the argument that all of claimant’s problems pre-existed the August 15, 1977, accident, i.e., they argue there could be no merger because all disability pre-existed the last accident. The deputy’s finding that a merger occurred is incorrect because the prerequisites for merger are not present in the record in this case. That incorrect finding does not necessarily require reversal of the order, however, because a foundation exists for attributing claimant’s disability to the August 15, 1977, accident. First, there is no evidence in the record that the previous injuries resulted in any permanent anatomic impairment or loss of wage earning capacity; claimant was able to return to work after each of her previous injuries. See generally Brevard County School Board v. McCormick, 392 So.2d 1010 (Fla. 1st DCA 1981). Thus the argument that all of claimant’s problems pre-existed the August 15, 1977 accident is rejected. Further, the stipulation sheet in the record reveals that E/C stipulated claimant was injured by accident arising out of and in the course of her employment on August 15, 1977, and that E/C paid benefits for an 8% permanent partial disability attributable to that accident prior to the hearing. Appellant will not now be heard to argue that the medical evidence does not conclusively attribute the 8% impairment to the accident of August 15, 1977, and the finding that claimant incurred an 8% permanent partial disability will not be disturbed on appeal. In addition, except as qualified below, we cannot say the deputy erred in attributing additional loss of wage earning capacity to the August 15, 1977, accident. Id.
The deputy further found claimant to be permanently totally disabled *366 based on the 8% permanent partial disability and additional factors bearing on her loss of wage earning capacity, including her age and inability to compete in the open labor market. The deputy excused the requirement of a job search, stating it would be a useless task for this claimant, because of her multiple injuries, age, education, the remoteness of her location, and the lack of a job market in her area. Several of the reasons for excusing the job search are not supported by competent substantial evidence in the record. Appellants assert that the record contains no evidence regarding claimant’s educational background. Appel-lee did not respond to this assertion in her answer brief, and we have been unable to locate such evidence in the record. In addition, the deputy erred in considering the remoteness of claimant’s location and the lack of a job market in her area in excusing the job search requirement for an award based on loss of wage earning capacity. A deputy commissioner may not take judicial notice of surrounding employment or economic conditions. Leffler v. Grand Union Co., 409 So.2d 1145 (Fla. 1st DCA 1982); United States Sugar Corp. v. Hayes, 407 So.2d 1079 (Fla. 1st DCA 1982). The record is devoid of evidence of the remoteness of the job location and lack of a job market in claimant’s area. On remand the deputy shall hold a hearing, receive evidence, and make such additional findings as may be necessary with regard to economic and employment conditions and the excusal of the employment search as these factors relate to claimant’s loss of wage earning capacity.
Since we are reversing the excusal of the job search, the finding that claimant is permanently and totally disabled based on loss. of wage earning capacity and the award of attorney’s fees below must also be reversed and remanded for further proceedings in light of this opinion.
REVERSED IN PART and REMANDED.
LARRY G. SMITH and THOMPSON, JJ., concur.