432 So.2d 185 (1983)
SANDCARIBE, INC., and Aetna Insurance Company, Appellants,
v.
Raimundo LLERANDI, Appellee.
No. AN-376.
District Court of Appeal of Florida, First District.
May 25, 1983.
*186 Thomas R. Trompeter of Underwood, Gillis, Karcher & Valle, P.A., Miami, for appellants.
Michael D'Agostino, Miami, for appellee.
PER CURIAM.
In this workers' compensation appeal from the final order of the deputy commissioner, the employer/carrier raises numerous issues, only three of which merit limited discussion.
The employer/carrier contends that the deputy commissioner's order is deficient because it fails to set forth ultimate findings of fact pertaining to the basis for an award of wage loss benefits from December 11, 1980 to the date of hearing. The order, in pertinent part, reads as follows:
V. Claimant is entitled to wage loss benefits from December 11, 1980 to May 24, 1982 (the date of hearing) at the rate of $103.45 per month. In making this finding I have determined that the claimant was "able to earn" $100.00 per week after reaching maximum medical improvement. This finding is based, in part, upon relative minor physical impairment ratings given by the physicians and the fact that the ratings are based upon subjective complaints for the most part. Of course, the other factors bearing on ability to earn were also considered.
There was no finding whether claimant conducted an adequate work search.[1] Nor are we able to determine from the record how the deputy commissioner ascertained that claimant was able to earn $100 per week[2] *187 after reaching maximum medical improvement. In the absence of specific findings of fact pertaining to the adequacy or lack thereof of claimant's job search, whether claimant voluntarily limited his employment or income or failed to accept employment commensurate with his abilities, and the basis for determining that claimant is "able to earn" $100 per week, appellate review is impeded. Accordingly, the cause is remanded for specific findings of fact consistent with this opinion.
The employer/carrier also contends that the deputy commissioner erred in awarding costs where no evidence of same was submitted. We disagree with this contention and interpret the order as awarding those costs statutorily accorded to a prevailing claimant,[3] the amount to be subsequently determined by the deputy if the parties are unable to agree thereto.
Lastly, employer/carrier argues that the award of attorney fees was improper. In his findings of fact, the deputy commissioner found that "claimant's attorney ... has rendered valuable services to the claimant and benefits hereafter awarded to the claimant have been as a result of such efforts." In the decretal portion of his order, the deputy commissioner ordered, in pertinent part, that "claimant's attorney ... has performed valuable services for the claimant and has obtained benefits for him. Said attorney is entitled to a reasonable attorney's fee. Jurisdiction to set and award said fee is hereby reserved." The order, as stated, does not establish entitlement to reasonable attorney fees at the employer/carrier's expense rather than the claimant's. Instead, it reserves jurisdiction to determine who is responsible for the fee and the amount thereof. Thus, appellants' challenge to the award of attorney fees is premature. See, Lido Spa Hotel v. Perez, 418 So.2d 303 (Fla. 1st DCA 1982).
Accordingly, the cause is remanded to the deputy commissioner for specific findings of fact pertaining to the award of wage loss benefits. In all other respects, the order is affirmed subject to determination of the fee issue.
BOOTH, LARRY G. SMITH and ZEHMER, JJ., concur.
NOTES
[1] As stated in Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), on rehearing en banc:

The burden of proof provision is to require the employee to go forward with evidence showing a change in employment status due to the injury, and an adequate and good faith attempt to secure employment commensurate with his abilities so as to establish, prima facie, an economic loss and to show that he or she has not voluntarily limited his or her income or failed to accept employment commensurate with his or her abilities. Once this evidence has been presented by the employee, the burden of proving that the employee has refused work or voluntarily limited his or her income is on the employer. Pompano Roofing Co., Inc. v. O'Neal, 410 So.2d 971, 972 (Fla. 1st DCA 1982); Vida Appliances, Inc. v. Gates [416 So.2d 1186 (Fla.App. 1982)] supra (footnote 2, this opinion).
[2] We are uncertain whether this determination was, perhaps, predicated upon the employer/carrier's contention that claimant limited the job search itself by refusing to work more than four hours or upon consideration by the deputy commissioner of such subjective factors as claimant's age, industrial history, training and education, motivation, work experience, etc. Although the latter factors may be considered in determining the adequacy and good faith of the job search and in determining whether the employee has voluntarily limited his employment or failed to accept employment commensurate with his abilities, they may not be used as the basis for determining what a claimant is "able to earn" after an accident. Regency Inn v. Johnson, supra, n. 5.
[3] If the deputy commissioner determines on remand that the claimant is not entitled to wage loss benefits, then any award of costs pertaining to the claim for those benefits would be improper.