MILLS, Judge.
There is competent substantial evidence in the record supporting the deputy commissioner’s finding that the claimant is permanently and totally disabled. We affirm this finding, the finding that the claimant is entitled to reimbursement for all taxable costs, and the reservation of jurisdiction on the issue of the claimant’s attorney’s entitlement to fees for his services in obtaining permanent total disability benefits.
The employer/carrier argue that the deputy commissioner erred in requiring *768 them to pay the claimant’s attorney a reasonable fee for his successful assertion of a claim for rehabilitation benefits only. Although the order specifically decrees that the claimant’s attorney is entitled to a reasonable fee for his efforts in obtaining a rehabilitation provider of the claimant’s own choosing, it does not require the employer/carrier to pay this attorney’s fee. When and if an order is entered requiring the employer/carrier to pay this fee, the issue will be ripe for appeal. At this time, the alleged error is prematurely raised and will not be considered. Sandcaribe, Inc. v. Llerandi, 432 So.2d 185 (Fla. 1st DCA 1983); Lido Spa Hotel v. Perez, 418 So.2d 303 (Fla. 1st DCA), review denied, 424 So.2d 762 (Fla.1982).
We note that if such an order is eventually entered, the deputy commissioner should make a specific finding as to the basis of the award. Osceola County Commissioners v. Thomas, 416 So.2d 903 (Fla. 1st DCA 1982).
WENTWORTH and BARFIELD, JJ., concur.