MILLS, Chief Judge.
Employer-carrier challenge the deputy commissioner’s award of permanent total disability on the ground that there was no competent substantial evidence to support the finding. We agree, reverse, and remand for a determination of the amount of permanent partial disability, if any.
The parties stipulated that claimant suffered a compensable accident on 26 August 1976 and that the date of maximum medical improvement was 1 July 1977. All temporary total disability due had been paid. At issue was whether claimant was eligible for permanent total disability benefits or permanent partial disability benefits. The deputy found claimant to be permanently totally disabled. Having found claimant to be permanently totally disabled, the deputy determined that some of the ailments were related to the industrial injury and were approximately equal to those unrelated to the injury; therefore, he apportioned the payment of benefits to 50% permanent total disability.
The record shows that Winslow made no attempt to return to his prior employment or to search for any other employment. Although he stated that he is unable to work, his claim is not supported by the medical evidence. Nor did the deputy’s order find that a work search was excused. An adequate work search required for a finding of permanent total disability was not conducted. See Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla.1975).
We are unable to determine the method by which the deputy commissioner arrived at the apportionment of permanent total disability benefits. Since we are reversing and remanding this cause for reconsideration of the amount of permanent partial disability benefits which Winslow is due, if any, we need not resolve our concern with that determination but we remind the deputy that an order should contain the degree of specificity necessary to enable this Court to determine how he arrived at his conclusions. Kennedy v. Tyson, 382 So.2d 820 (Fla. 1st DCA 1980).
The entitlement to and amount of attorney’s fees will, of course, be affected by the rulings made by the deputy commissioner on remand.
REVERSED and REMANDED with directions.
SHAW, J., and PEARSON, TILLMAN (Retired), Associate Judge, concur.