THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order, contending that the deputy commissioner (deputy) erred by awarding claimant permanent partial disability (PPD) benefits based on loss of wage earning capacity and erred by awarding claimant an attorney’s fee.
Claimant sustained a compensable injury to his neck on April 22, 1972. Claimant subsequently returned to work for the same employer, but performed a less physically demanding job than the one he performed prior to the accident. However, due to pain claimant ceased working for his employer in December of 1978. Dr. Johns, a neurosurgeon, indicated that claimant had a 6% to 8% PPD of the body as a whole, and that claimant could return to the same position that he held at the time of the injury. Dr. Yates, also a neurosurgeon, indicated that claimant had a 15% PPD. Claimant stated that following maximum medical improvement (MMI) he had not sought employment due to severe pain.
Claimant owns a fish market and a paving business, both of which are operated by his children. Although claimant apparently does not actively participate in the day-today operations of these businesses, he does perform supervisory duties. Claimant re-, ceives a combined weekly sum of $200.00 from these two businesses. The deputy found that this $200.00 was a return on claimant’s capital investment, as opposed to wages. The deputy made no mention of the admittedly complete lack of a job search, and did not excuse claimant’s failure to seek employment. The deputy awarded claimant, inter alia, compensation representing a 30% PPD of the body as a whole based on loss of wage earning capacity.
The deputy erred in awarding claimant 30% PPD of the body as a whole based on loss of wage earning capacity. Due to the complete lack of work search and to the absence of exceptional circumstances to excuse such a search, there is no basis for finding a loss of wage earning capacity. There is no medical evidence in the instant case to indicate that claimant’s health prevents gainful employment and no indication *838 that a work search would be futile. See Exxon Co., U. S. A. v. Alexis, 370 So.2d 1128 (Fla.1978); Chicken ‘N’ Things v. Murray, 329 So.2d 302 (Fla.1976). Accordingly, this case is distinguishable from Sizemore v. Canaveral Port Authority, 332 So.2d 23 (Fla.1976), cited by claimant, where there was medical evidence that the claimant’s health prevented gainful employment. Claimant’s testimony that he could not search for work because he was in pain is an insufficient ground on which to base an excusal of a job search. See Clark v. Western Knapp Engineering Co., 190 So.2d 334 (Fla.1966); Tallahassee Coca Cola Bottling Co. v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981); Brevard County School Board v. King, 378 So.2d 1312 (Fla. 1st DCA 1980).
The award of PPD benefits based on a loss of wage earning capacity is accordingly reversed and the case is remanded to the deputy to make a finding based solely on claimant’s anatomical impairment. The attorney’s fee awarded by the deputy is likewise reversed as the amount thereof may be affected by the deputy’s finding on remand. See Brevard County Clerk of Court v. Winslow, 399 So.2d 111 (Fla. 1st DCA 1981). Accordingly, this case is reversed and remanded for proceedings consistent with this opinion.
JOANOS and WIGGINTON, JJ., concur.