416 So.2d 1211 (1982)
PAN AM TOBACCO CORPORATION and the Home Insurance Company, Appellants,
v.
Fernando M. BROWN, Appellee.
No. AH-441.
District Court of Appeal of Florida, First District.
July 16, 1982.
*1212 Barry A. Pemsler of Richard, Tharp & Pemsler, Miami, for appellants.
Lewis F. Cohen and George P. Telepas, Miami, for appellee.
SHIVERS, Judge.
Employer/Carrier appeal the order of the Deputy Commissioner (D/C) awarding claimant wage loss benefits.
Claimant sustained a back injury for which the E/C provided initial compensation benefits. Maximum medical improvement (MMI) was reached on February 18, 1981. At that time, claimant's treating physician advised claimant against engaging in heavy lifting, but concluded that claimant could return to employment involving light duty. Despite the physician's determination that claimant was able to return to work, he remained unemployed. Claimant then filed a claim for wage loss benefits for the period from April 29, 1981, through June 30, 1981. The D/C awarded wage loss benefits based on a complete loss of earnings for the period beginning on April 29, 1981, and continuing for so long as claimant made a good faith rehabilitation effort. This appeal followed.
Appellant contends that there is no competent and substantial evidence in the record to show that claimant conducted a good faith job search or that his unemployment was the result of his disability rather than the unavailability of work.
We reverse because the record is devoid of any evidence which demonstrates that claimant conducted a good faith job search. It is well established that, in the absence of medical evidence indicating that claimant is unable to work, an award of wage loss benefits can be made only if claimant shows that he has made a conscientious effort to test his earning capacity in the employment market and that the asserted wage loss is the result of his disability. Lake County Commissioners, et al. v. Walburn, 409 So.2d 153 (Fla. 1st DCA 1982), Tallahassee Coca-Cola Bottling Co., et al. v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981). Concerning claimant's ability to work, the evidence clearly establishes that claimant was able to work. Moreover, with respect to the question of whether claimant conducted a good faith job search, the evidence is equally as clear. By claimant's own admission he failed to make any attempt to find employment during the period for which he is seeking wage loss benefits. The claimant's only attempt to conduct a job search occurred prior to the termination of his TTD benefits. This aside, the only other effort claimant made in the direction of seeking employment was to seek the assistance of the Rehabilitation Division of the Bureau of Workers' Compensation. But, even there, the evidence indicates that claimant failed to follow through on the recommendations of the rehabilitation nurse. On the basis of this evidence, we find that there is no competent and substantial evidence to support a finding that claimant conducted a good faith job search. Because of this finding we do not address the question of whether claimant demonstrated that the asserted wage loss resulted from his disability rather than the unavailability of employment.
The judgment of the D/C awarding claimant wage loss benefits is REVERSED.
McCORD and MILLS, JJ., concur.