THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order finding that claimant sustained a compensable injury and awarding claimant temporary total disability (TTD) benefits, reimbursement of taxable costs, and a reasonable attorney’s fee, among other things. We affirm in part and reverse in part.
*388 There is competent substantial evidence that claimant sustained an industrial accident or injury arising out of and in the course of his employment under the repeated trauma theory as enunciated in Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA), pet. for rev. den. 388 So.2d 1119 (Fla.1980). Accordingly, we affirm on the compensability issue raised by the E/C.
The deputy commissioner (deputy) awarded claimant TTD benefits from February 28, 1981 to the date of the hearing, continuing for so long as claimant remains TTD. Except for the period of time that Dr. Kleinigger instructed claimant to remain in bed, there is no competent substantial evidence that claimant was TTD. Claimant readily admitted that he did not conduct a job search. His testimony that he was unable to work due to pain and inability to walk properly is not a proper basis upon which to award TTD benefits. See Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). Although Dr. Bilotta and Dr. Shea indicated that claimant was not able to perform his janitorial duties as of certain dates, they did not indicate that claimant was totally unable to perform some other type of work. Additionally, we note that claimant is well educated, as he has his Bachelors, Masters, and Doctorate in Theology, and a diploma in Biblical Languages, and that he has various prior job experiences. Accordingly, we reverse the award of TTD benefits except for the period of bed rest that was prescribed by Dr. Kleinigger and a reasonable time thereafter to conduct a job search. This finding requires that the award of attorney’s fees be remanded for recalculation. See Brevard County Clerk oí Court v. Winslow, 399 So.2d 111 (Fla. 1st DCA 1981).
The order appealed is reversed in part, affirmed in part, and remanded for proceedings consistent with this opinion.
LARRY G. SMITH and JOANOS, J., concur.