THOMPSON, Judge.
The employer/carrier (E/C) appeal a workers’ compensation order, contending, inter alia, that the deputy commissioner (deputy) erred in awarding temporary total disability (TTD) benefits and wage loss benefits, and in finding that the E/C exhibited bad faith in its handling of the claim, and was therefore obligated to pay claimant’s attorney’s fees pursuant to § 440.34(3)(b), Fla.Stat. We agree and reverse as to these issues, but we conclude that the E/C’s remaining contentions are without merit.
The claimant is a 33-year-old woman who sustained a compensable back injury on March 20, 1980, while working as a garbage collector for the employer. She sought treatment from Dr. Appen, a family practitioner who saw her on three occasions after the accident. Dr. Appen found no objective signs of injury, and he released claimant as having reached maximum medical improvement (MMI) and as being able to return to work as of April 7, 1980. However, Dr. Appen recommended to the employer that claimant be given a new job assignment, since he was of the opinion that she would be unable to continue to perform the heavy lifting tasks of a garbage collector without re-injuring her back. The employer thereafter offered claimant less strenuous work as a groundskeeper, but claimant refused to accept the position and her employment was then terminated.
*721 On August 14, 1980 claimant sought treatment from Dr. Maxwell, an orthopedic surgeon. Dr. Maxwell diagnosed chronic lumbar sprain superimposed upon congenital scoliosis, and prescribed a course of physical therapy. On November 14, 1980; Dr. Maxwell discharged claimant as having reached MMI with a 25% permanent impairment of the body as a whole. Dr. Maxwell placed restrictions on claimant’s activities with respect to heavy lifting, repetitive bending, and working from ladders or scaffolds. Dr. Maxwell testified that during the period when he was treating the claimant she was disabled from performing strenuous manual labor, but that she was capable of performing work of a light and sedentary nature. Because the medical evidence showed that the claimant was not totally disabled, and because the claimant admitted that she made no work search until sometime after February 19, 1981, the award of TTD benefits for the entire period from the date of the accident to the date of MMI was erroneous, and is reversed. Similarly, the award of wage loss benefits must be reversed insofar as it requires payment of benefits based on total wage loss for the period subsequent to MMI but prior to the date claimant began actively seeking appropriate employment. On remand, the deputy should determine whether claimant is entitled to temporary partial disability benefits, and should reconsider claimant’s entitlement to wage loss benefits. With respect to these determinations, the deputy should consider the provisions of § 440.-15(3)(b)2 and § 440.15(4)(b), Fla.Stat., relating to voluntary limitation of income by a claimant. Tallahassee Coca Cola Bottling Co. v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981); Duro Paperbag Mfg. Co. v. Graham, 415 So.2d 809 (Fla. 1st DCA 1982).
In his order, the deputy found that the E/C had “committed bad faith in the handling of this case, under § 440.34(2)(b) of the Florida Statutes ... ”, and based on this finding reserved jurisdiction to award attorney’s fees. This finding was premature. Although we have previously held that a deputy need not in all cases hold an entirely separate hearing on the question of bad faith, Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033 (Fla. 1st DCA 1981), both the statute and our prior rulings on the issue make it abundantly clear that a deputy cannot decide the issue of bad faith unless the issue is separately and specifically litigated and unless factual evidence is presented which goes directly to the issue. Embry-Riddle, supra; Silver Springs, Inc. v. Scardo, 408 So.2d 844 (Fla. 1st DCA 1982). The record in this case reveals that the issue of bad faith on the part of the E/C was not specifically litigated, and, accordingly, we strike that portion of the order finding bad faith.
AFFIRMED in part, REVERSED in part and REMANDED.
MILLS and BOOTH, JJ., concur.