424 So.2d 900 (1982)
CINTAS CORPORATION and CNA Insurance Company, Appellants,
v.
William E. PRICE, Appellee.
No. AL-328.
District Court of Appeal of Florida, First District.
December 21, 1982.
Rehearing Denied January 25, 1983.
Wendell J. Kiser, P.A. and W. Michael Miller of Akerman, Senterfitt & Eidson, Orlando, for appellants.
John Marshall Kest of Wooten, Honeywell, Kest & Martinez, Orlando, for appellee.
THOMPSON, Judge.
This is an appeal from a compensation order awarding wage loss benefits pursuant to § 440.15(3)(b), Fla. Stat. We reverse upon our determination that the record is devoid of competent substantial evidence which could support the finding of the deputy commissioner (deputy) that claimant sustained a permanent impairment as the result of his industrial accident.
In December 1976, claimant sustained back and neck injuries in a noncompensable automobile accident, and in February 1977, he sought treatment of these injuries from Dr. Tucker, an orthopedic surgeon. In August 1979, Dr. Tucker determined that claimant had reached maximum medical improvement (MMI) with respect to the injuries sustained in the automobile accident. Dr. Tucker was of the opinion that as of August 1979, claimant had a 5% permanent impairment of the back and an additional 5% permanent impairment of the neck.
On May 9, 1980, claimant reinjured his back as a result of a compensable industrial accident, and again sought treatment from *901 Dr. Tucker. After a lengthy course of treatment, Dr. Tucker determined that claimant reached MMI with respect to the industrial injuries on August 19, 1981. After again examining claimant on September 23, 1981, Dr. Tucker noted that claimant's condition remained unchanged since the prior impairment rating was assigned in 1979.
At the hearing, claimant testified that his condition had worsened significantly as a result of the industrial accident, and that he had been able to return to work with a new employer in August 1981 only because his new job amounted to sheltered employment. This testimony does not constitute competent evidence of the existence of an accident related permanent impairment. Because soft tissue back injuries, such as the one at issue here, are not susceptible of evaluation by a lay person, it was incumbent upon the claimant to adduce medical evidence tending to prove the existence of an accident-related permanent impairment. §§ 440.02(21), .15(3)(b)2, Fla. Stat.; Rhaney v. Dobbs House, Inc., 415 So.2d 1277 (Fla. 1st DCA 1982). The only medical evidence in the record is that of Dr. Tucker, the treating physician.
Dr. Tucker, testifying in deposition and in response to direct examination by claimant's counsel, stated that claimant had sustained a 5% permanent impairment. This testimony, if considered only in the context of the immediately preceding questions and responses, could arguably be interpreted as evidence that the industrial accident had caused claimant to sustain permanent impairment in addition to the pre-existing impairment which resulted from the 1976 automobile accident. However, after stating that the claimant did have a permanent impairment, Dr. Tucker continued his testimony with a reference to the 5% impairment rating assigned in 1979, and at no time did he expressly associate the 5% impairment rating with the industrial accident. Furthermore, at no time did Dr. Tucker opine that claimant had a permanent impairment of the back in excess of 5%. Dr. Tucker affirmatively testified that the limitations he placed on claimant's activities as a result of the industrial accident were the same as the limitations imposed after the auto accident, and that the complaints claimant voiced subsequent to the industrial accident were essentially the same as the complaints he had after the auto accident. Furthermore, as noted above, the doctor's office note dated September 23, 1981, unambiguously states that claimant's condition was unchanged since the prior rating was assigned in 1979.
After careful consideration of the entire record in this case, we are unable to sustain the deputy's determination that claimant suffered permanent impairment as a result of the industrial accident. Although we are mindful of our obligation not to usurp the fact-finding role of the deputy, we note that this is not a case where the deputy was obliged to choose the testimony of one expert over that of another, based on his assessment of the expertise and credibility of each witness. Rather, it appears that the deputy, having properly accepted Dr. Tucker's evidence as competent, thereafter fell into error by failing to consider Dr. Tucker's evidence in its entirety. Because none of the medical evidence was presented live, this court is not at any disadvantage in assessing and evaluating this evidence. Haga v. Clay Hyder Trucking Lines, 397 So.2d 428 (Fla. 1st DCA), pet. for rev. den., 402 So.2d 609 (Fla. 1981).
Based on the above-referenced authorities, and on our review of the entire record, we conclude that claimant has failed to carry his burden of proving that the industrial accident caused any permanent impairment. Because the award of wage loss benefits and costs, and the reservation of jurisdiction to determine entitlement to attorney's fees were predicated on the deputy's finding of an accident related permanent impairment, our determination that said finding was without record support requires that the order be, and it hereby is, REVERSED in its entirety.
BOOTH, J., concurs.
WENTWORTH, J., dissents.
*902 WENTWORTH, Judge, dissenting.
The order appealed states:
I specifically note Dr. Tucker's opinion that Mr. Price had some pre-existing physical problems but find the disability rating he assigned in his deposition is as a result of this particular industrial accident. I make this finding based on my reading and interpretation of the doctor's deposition, coupled with my personal observation of the claimant and his testimony as to his condition at the present and his condition after his 1979 accident.
I would conclude against reversal for many reasons, one of which is the impropriety of equating old and new permanent impairment ratings on a simple numerical basis when the doctor's reports compared current impairment only with that existing at the former maximum medical improvement date more than two years earlier, and not with that existing at the time of the last compensable accident, which followed a period of employment not covered by the medical reports. A more elemental reason for my disagreement, however, is a reluctance to translate ambiguous testimony, by deposition or otherwise, contrary to the translation accorded by the deputy. I would affirm.