429 So.2d 367 (1983)
SHARP CONSTRUCTION CO., INC. and Great American Insurance Company, Appellants,
v.
Felix PEREZ, Appellee.
No. AM-164.
District Court of Appeal of Florida, First District.
March 15, 1983.
Rehearing Denied April 20, 1983.
John J. O'Riorden, of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellants.
Alex Lancaster, Sarasota, for appellee.
WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner's finding that appellee is entitled to wage-loss benefits based on a weekly wage of $160. We reverse.
Appellee sustained an injury to his foot in a work related accident while he was employed as a heavy equipment operator with Sharp Construction Co. at an average weekly wage of $269. His treating physicians testified that appellee had reached maximum medical improvement with a thirty percent impairment to his left big toe and that he could return to operating heavy equipment if he would wear safety shoes. However, after making a brief job search, appellee accepted part-time employment at a fish market, doing lawn maintenance and odd jobs for which he is paid $4 per hour. Since taking the part-time employment, *368 Perez, a twenty-one year old bilingual who has two years of college training, has not sought a better position.
Under the facts of this case, we agree with employer/carrier who contend that appellee has voluntarily limited his employment. Section 440.15(3)(b)2 provides that if an employee voluntarily limits his income or fails to accept employment commensurate with his abilities, the wages he is able to earn after the date of maximum medical improvement shall be deemed to be the amount which he would have earned if he had not limited his income or if he had accepted appropriate employment. In Jandy, Inc. v. Mosley, 413 So.2d 837 (Fla. 1st DCA 1982), the doctors testified that the claimant could return to the same position that he had held at the time of the injury, but the claimant testified that due to severe pain he had not sought employment. This Court reversed the deputy commissioner's award of a thirty percent permanent partial disability finding that there was no medical evidence to indicate that the claimant's health prevented gainful employment and no indication that a work search would be futile. Similarly, in the case sub judice, there is no medical evidence of any impairment that would prevent appellee from holding a job similar to his pre-injury employment. Thus, especially in light of the modest job search conducted by appellee, we conclude that appellee failed to carry his burden of proving that his industrial accident caused his wage loss. Compare Cintas Corporation, et al. v. Price, 424 So.2d 900 (Fla. 1st DCA 1982).
REVERSED.
BOOTH and NIMMONS, JJ., concur.