433 So.2d 591 (1983)
PICCADILLY CAFETERIA and Aetna Casualty & Surety, Appellant,
v.
Virginia POLITE, Appellee.
No. AO-25.
District Court of Appeal of Florida, First District.
June 7, 1983.
Rehearing Denied July 15, 1983.
Barbara J. Paulson of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellant.
Joseph V. Barrs of Barrs, Williamson & Levens, Tampa, for appellee.
JOANOS, Judge.
The employer and carrier (E/C) appeal that portion of a workers' compensation order awarding wage-loss benefits from March 21, 1981 through June 24, 1982. We reverse.
Polite suffered a compensable injury to her arm on November 9, 1979 while working for Piccadilly Cafeteria (Piccadilly). At the same time, she was working a second job at a convenience store. She continued to work for the convenience store while *592 recuperating from her injury. Polite reached maximum medical improvement on February 1, 1980 with a five percent permanent physical impairment of her arm and was released to work by her physician on January 8, 1980. She returned to work at Piccadilly and continued her dual-employment until March 21, 1981, when she quit working at Piccadilly due to problems lifting. Polite continued her job at the convenience store until June 22, 1981, when she quit due to problems lifting and began working at a bank.
Based upon Polite's stipulated average weekly wage, which included her earnings from Piccadilly and the convenience store, the deputy commissioner awarded wage-loss benefits for the period of time after she quit working for Piccadilly and was working only for the convenience store, and for the period of time after she quit working at the convenience store and was working at the bank, until June 24, 1982. There was no medical evidence that Polite was unable to work and no evidence that she attempted a work search to establish wage-loss. Without medical evidence indicating an inability to work, an award of wage-loss benefits can be made only if a claimant shows that she has made a good faith job search. Pan Am Tobacco Corporation v. Brown, 416 So.2d 1211 (Fla. 1st DCA 1982). Having shown no adequate job search, the award of wage-loss benefits is reversed.
That part of the order awarding temporary partial disability is supported by substantial competent evidence and is affirmed.
Accordingly the order is AFFIRMED in part and REVERSED in part.
LARRY G. SMITH and NIMMONS, JJ., concur.