449 So.2d 988 (1984)
D & R BUILDERS, INC. and Fireman's Fund Insurance Company, Appellants,
v.
Gabriel QUETGLAS, Appellee.
No. AV-496.
District Court of Appeal of Florida, First District.
May 11, 1984.
Rehearing Denied June 1, 1984.
*989 Barry A. Pemsler of Richard & Pemsler, Miami, for appellants.
Mark L. Zientz of Williams & Zientz, Coral Gables, for appellee.
ERVIN, Chief Judge.
Appellants, D & R Builders, Inc. and Fireman's Fund Insurance Company (e/c), appeal an order of the deputy commissioner, awarding wage-loss benefits to Gabriel Quetglas (claimant), contending the award was erroneous because there was no competent, substantial evidence disclosing that claimant had conducted a diligent and good faith work search. We agree and reverse.
Claimant was injured on September 24, 1979, for which he received workers' compensation benefits. He later sought additional temporary total disability and wage-loss benefits that were denied due to his failure to conduct a good faith work search. The order denying the requested benefits was per curiam affirmed by this court. See Quetglas v. D & R Builders, Inc., 417 So.2d 336 (Fla. 1st DCA 1982). A new claim was filed in May of 1983, seeking modification of the prior order and again seeking temporary total, permanent partial and wage-loss benefits. By both deposition and testimony directly before the deputy, claimant stated, through the aid of an interpreter, that he had not worked since April of 1981 and that, between such date and September of 1983, he had sought work with only two individuals named Paz and Perez. This revelation, which surprised even the claimant's attorney, caused the attorney to comment that he was not then entitled to wage-loss benefits. Despite the evidence, failing to disclose even a minimal work search, the deputy found claimant to have made "a diligent good faith job search for employment compatible with his physical limitations and restrictions." As there was no competent, substantial evidence in the record to support that finding, we reverse.
Although this court has recognized that no precise definition of an adequate job search can be devised, the case law requires that in order for one to be deemed sufficient, the claimant should present evidence including "the names of the businesses contacted, the type of work sought, the number of contacts made, and the time frame within which work was sought." Regency Inn v. Johnson, 422 So.2d 870, 877 (Fla. 1st DCA 1982). Here, although claimant was able to identify two persons whom he had contacted regarding work, he was unable to relate those contacts to any specific time frame other than that the contacts had been made at some time within a two-year period. Such evidence, without more, is simply insufficient to support the deputy's findings.
*990 Claimant's counsel in effect concedes the inadequacy of the work search, but argues that we should remand the case for purposes of reconsideration and application by the deputy of the "deemed earnings" provision of Section 440.15(3)(b)2., Florida Statutes (1979).[1] We decline to do so. As stated in Regency Inn, the following burdens of proof are applicable to claims involving wage-loss benefits:
[T]he burden of proof provision is to require the employee to go forward with evidence showing a change in employment status due to the injury, and an adequate and good faith attempt to secure employment commensurate with his abilities so as to establish, prima facie, an economic loss and to show that he or she has not voluntarily limited his or her income or failed to accept employment commensurate with his or her abilities. Once this evidence has been presented by the employee, the burden of proving that the employee has refused work or voluntarily limited his or her income is on the employer.
If, as here, the claimant fails to satisfy his initial burden of presenting a prima facie showing, the deemed earnings provision is inapplicable.
The deputy's order awarding wage-loss benefits, penalties and costs is therefore REVERSED.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] Section 440.15(3)(b)2. provides:

The amount determined to be the salary, wages, and other remunerations the employee is able to earn after reaching the date of maximum medical improvement shall in no case be less than the sum actually being earned by the employee, including earnings from sheltered employment. In the event the employee voluntarily limits his or her income or fails to accept employment commensurate with his or her abilities, the salary, wages, and other remuneration the employee is able to earn after the date of maximum medical improvement shall be deemed to be the amount which would have been earned if the employee did not limit his or her income or accepted appropriate employment. Whenever a wage-loss benefit as set forth in subparagraph 1. may be payable, the burden shall be on the employee to establish that any wage loss claimed is the result of the compensable injury.
(e.s.)