463 So.2d 396 (1985)
VANTAGE POINTE and State Farm Fire & Casualty Company, Appellants,
v.
David SOWERS, Appellee.
No. BA-133.
District Court of Appeal of Florida, First District.
January 29, 1985.
Rehearing Denied February 27, 1985.
*397 Delia Doyle Rose of Haas, Boehm, Brown, Rigdon & Secrest, Daytona Beach, for appellants.
Edward H. Hurt of Hurt, Parrish & Dalton and Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.
MILLS, Judge.
Vantage Pointe appeals from a workers' compensation order awarding Sowers wage loss benefits from December 1983 to March 1984 and costs. It contends the deputy commissioner erred because Sowers failed to demonstrate an adequate job search and because he voluntarily limited his income. We agree and reverse.
A claimant who is not physically disabled to work must search for work conscientiously and effectively. Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). Without medical evidence indicating inability to work, an award of wage loss benefits can be made only if claimant shows a good faith job search. Piccadilly Cafeteria v. Polite, 433 So.2d 591 (Fla. 1st DCA 1983).
On 15 June 1983, Sowers' physician released him for return to his job as a manager of a condominium unit with no restrictions except heavy weight lifting. He found no orthopedic reasons for Sowers' complaints of pain.
Although this court has recognized that no precise definition of an adequate job search can be devised, for one to be deemed sufficient, claimant should present evidence including the names of businesses contacted, the types of work sought, the number of contacts made, and the time frame within which the work is sought. D & R Builders, Inc. v. Quetglas, 449 So.2d 988 (Fla. 1st DCA 1984).
Between 15 June 1983, date of MMI, and October 1983, Sowers conducted no job search. After October 1983, he did no more than read classified ads and inquire about one condominium management position for which he did not apply.
The claimant has the burden of going forward with evidence showing an adequate and good faith attempt to secure employment commensurate with his abilities. D & R, supra.
In October 1983, Sowers was employed as a part-time maintenance worker at a trailer park managed by his wife. Although there was more than four hours work a day available, he worked only four hours because of pain in his shoulder. He cleaned the restrooms and maintained the grounds.
The facts in this case clearly demonstrate that Sowers did not conscientiously and effectively search for work. In fact, he made no search.
Sowers reliance on Stahl v. Southeastern X-Ray, 447 So.2d 399 (Fla. 1st DCA 1984), to excuse his lack of a job search after accepting part-time work, is *398 misplaced. Sowers contends that Stahl stands for the proposition that he is not required to forfeit wage loss benefits when he stops an active job search after part-time employment. In Stahl, however, the claimant stopped his search at the request of his fulltime employer after three months of good faith search without success. Sowers never made a search after accepting part-time employment. A claimant who seeks wage loss benefits is not excused from the continuing duty of testing his employability simply because he has taken a job with which he is satisfied. Sharp Construction Co., Inc. v. Perez, 429 So.2d 367 (Fla. 1st DCA 1983).
To be eligible for an award of wage loss benefits, a claimant must show not only that he has conducted a good faith work search but that he has not voluntarily limited his income. Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982). In Sharp Construction Co., Inc., supra, the claimant was released to return to his former job upon reaching MMI, with the only proviso being that he wear special shoes. The claimant, after a brief job search accepted a part-time job doing lawn maintenance and odd jobs at $4.00 an hour. He did not thereafter seek a better position. The court found he had voluntarily limited his income.
In this case, Sowers was released at MMI, with the only restriction being the amount of weight which could be lifted with his right arm. After no job search at all, he accepted a part-time job doing maintenance work at $3.35 an hour. He has made no attempt to seek a better position.
Under these facts and applying Sharp, Sowers voluntarily limited his income.
The findings of the deputy were not supported by competent substantial evidence. Sowers did not make a good faith search for work and he voluntarily limited his income. We are compelled to reverse the wage loss benefits awarded Sowers as well as the costs assessed for him against the employer/carrier.
JOANOS and BARFIELD, JJ., concur.