467 So.2d 1031 (1985)
PUBLIX SUPERMARKETS, INC., & Hartford Insurance Group, Appellants,
v.
Arlene FRANKLIN, Appellee.
No. AX-24.
District Court of Appeal of Florida, First District.
February 21, 1985.
Richard H. Gaunt, Jr., of Cibula, Gaunt & Pratt, West Palm Beach, for appellants.
Joseph A. Vassallo, of Vassallo, Pheterson & Sack, Lake Worth, for appellee.
WENTWORTH, Judge.
The claim in this workers' compensation case, based on an April 5, 1982, accident,[1] was for six months' temporary disability compensation for the period between February 15, 1983, and the hearing on August 24, 1983. The deputy awarded benefits for the last month at claimant's applicable compensation rate ($134.35 weekly) and, based on voluntary limitation of income by inadequate work search for the first five months, he denied wage loss except for a $31.00 weekly amount[2] awarded because of evidence that, in jobs within her medical restrictions, claimant could have earned only $140.00 instead of her former $201.54 weekly wage for heavy duty work. We affirm because the limited wage loss awarded was, upon the record evidence, attributable entirely to claimant's medical incapacities limiting the work which she *1032 could have performed even assuming successful work search, and work search was thus excused only as to work prohibited by treating doctors. We find no merit in the employer/carrier's challenge based on evidentiary insufficiency.
This order, denying the claim to the full extent claimant was able to earn during temporary disability under § 440.15(4)(b), Florida Statutes, complies precisely with the rule stated in earlier cases:
... a specific finding ... that the claimant had voluntarily limited her income by not conducting an adequate work search ... triggers the provisions of Section 440.15(3)(b)(2), F.S. 1979:
"... In the event the employee voluntarily limits... income ... the salary ... the employee is able to earn ... shall be deemed to be the amount which would have been earned if the employee did not limit his or her income... ." (e.s.)[3]
Leffler v. Grand Union, 409 So.2d 1145 (Fla. 1st DCA 1982). See also City of Cocoa v. Adams, 419 So.2d 720 (Fla. 1st DCA 1982); Vida Appliances, Inc. v. Gates, 416 So.2d 1186 (Fla. 1st DCA 1982); Pompano Roofing Co. v. O'Neal, 410 So.2d 971 (Fla. 1st DCA 1982).
The deputy found that (1) two physicians restricted claimant to light duty jobs not requiring lifting, and further that: (2) "... claimant voluntarily limited her income. I accept the testimony of [carrier witness] Lee Tomson that [she] could have earned $3.50 per hour or $140.00 per week... . Accordingly I find [her] entitled to temporary partial disability based upon deemed earnings of $140.00 per week or actual earnings, whichever is higher... ." The order thus effectively excuses only a search for work of the kind prohibited by the medical evidence, and grants only wage loss attributable solely to claimant's continuing medical incapacity for heavy duty work such as her former job, on which her $201.54 average weekly wage and $134.35 resulting compensation rate were based.
Our decisions have uniformly recognized a medical incapacity excuse for lack of work search, and we find no opinion restricting that principle to periods of total medical disability. Instead, as recognized by the cases above cited, logic supports the pro tanto application in the present case. That result on these facts does not, of course, mean that a claimant without such a restriction may substitute opinion evidence for work search as a means of establishing ability or inability to earn. The opinion evidence in the present case merely established indirectly the value of that part of claimant's wage loss attributable to medical restriction as opposed to inadequate search. The contrasting facts presented in Eastside Bait & Tackle v. Humphrey, 440 So.2d 41 (Fla. 1st DCA 1983), illustrate perfectly the impropriety of excusing a total absence of work search and awarding partial wage loss compensation when claimant's "inability" to work more than 20 hours weekly resulted from a desire not to forfeit retirement benefits and not from medical incapacity. That opinion, like many others restating the primacy of work search evidence, articulates a standard compatible with the statutory deemed earnings provision. The work search standard, however, has been imposed not as an absolute condition precedent but as an evidentiary burden, precluding compensation (absent work search) whenever a search would be essential to establish ability or inability to earn but not when an inability to earn rests, in whole or in part, on a medical prohibition as to which a search for other medically permissible work is not relevant.
Similarly, the facts stated in the opinion in D & R Builders, Inc. v. Quetglas, 449 So.2d 988 (Fla. 1st DCA 1984), do not indicate any basis such as that present here for invoking the deemed earnings provision, other than the conceded voluntary limitation of income by inadequate search. Therefore a job search in that case would presumably have been indispensable to any *1033 proof of inability to earn. Because the cases presented no legal or factual basis for application of deemed earnings, the court properly denied remand based on the burden of proof language from Regency Inn v. Johnson, 422 So.2d 870, 877 (Fla. 1st DCA 1982). Regency required a claimant to present evidence of work search "commensurate with his abilities so as to establish prima facie an economic loss" and shift to employer the burden of further proof of voluntary limitation of income. Nothing in Regency or Quetglas, or the numerous other opinions which we have reviewed, forecloses a claimant from satisfying his initial burden by alternative proof of an economic loss such as that in the present case. A claimant may, however, have the burden of establishing irrelevance of an adequate work search when other evidence (such as lengthy performance of his original job duties without shelter) indicates a lack of causal connection between wage loss and accident. Photo Electronics Corp./WPEC v. Glick, 432 So.2d 164, 165 (Fla. 1st DCA 1983). There are, of course, an extreme variety of potential evidentiary issues in establishing a prima facie case of causal connection between a compensable accident and later wage loss. Whether or not job search evidence is primary or secondary, i.e., whether it is relevant only after some other initial burden is met by a claimant, clearly must be decided in the context of particular facts, and our opinions must be read in that light.
We agree with the deputy's apparent determination that, because of inadequate search, the claimant did not meet her initial burden with respect to that work for which she was medically released, but did do so with respect to the remaining economic loss from her medical incapacity to do the kind of work which established her average weekly wage for this accident.
Affirmed.
SHIVERS, J., concurs.
NIMMONS, J., dissents without written opinion.
NOTES
[1] The deputy found claimant "is a 36 year old former deli clerk with Publix. She has an 8th grade basic education. At the trial she described her injury [April 5, 1982] as having involved a shock in her arm when she slammed into a meat slicer and dropped a tray of chicken... . I accept Dr. Zeide's opinion that there is a causal relationship between the industrial accident and the cervical injury together with the elbow injury."
[2] The amount in controversy (not stated in the order) would appear to be $31.31 weekly for the period in question under the formula in § 440.15(4)(a), Florida Statutes, assuming no actual earnings. Several aspects of other record facts in this case may have some bearing on the propriety of the award and the limited impact of an affirmance in this case on work search principles: The deputy's order addresses a claimant whose job applications, by hindsight, were found to have been insufficiently numerous during the five months in question, while claimant was also attempting to get rehabilitation guidance, and while the issue of claimant's maximum medical improvement was in question, ultimately resolved in favor of claimant's continued temporary partial disability status. The carrier's notice to controvert, filed at the beginning of this period, did not put claimant on notice of any asserted insufficiency of search, and in fact stated no reasons whatever for controverting. The record does not indicate any monitoring actions by the carrier during the search. See Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). Claimant was not deposed until the end of the five months' period, after which date her search was found to have been sufficient.
[3] Identical language in respect to temporary disability wage loss appears in § 440.15(4)(b), Florida Statutes (1983), and the earlier version applicable here.