WENTWORTH, Judge.
Employer/carrier appeals a workers’ compensation order awarding partial wage loss for April through July, 1984, by an order entered October 25, 1984, prior to filing of the opinion in Vantage Pointe v. Sowers, 463 So.2d 396 (Fla. 1st DCA 1985), on January 29, 1985. We reverse because the critical evidence appears to be indistinguishable from that found insufficient to support the wage loss order previously reversed by the cited decision.
The primary issue in each case is the sufficiency of evidence for the deputy’s conclusion that claimant’s part-time employment, by his wife in her management of a trailer park, was commensurate with his physical capacity so as to excuse further effort. The order now appealed accepts claimant’s testimony as to increased symptomatology since the first hearing, but on the pertinent issue the two orders rest on recitations in identical terms, that “claimant ... testified that he has tried to work longer days but has been unable to do so because of the pain.”
The record reflects, however, that claimant did not testify that he had tried to work full time or any time beyond a four hour daily schedule:
Q. What is your position at Seaside Trailer Park?
A. I’m just part-time maintenance.

A. I try to keep it a 20 hour-a-week workweek.
Q. Is it your present intention to seek employment anywhere else?
A. Not until I get straightened out_

Q. Well, I notice that your hours have been 20 hours per week uniformly for the entire four months. It’s never been 21 and it’s never been 19.
A. That’s what I work _ I got a gracious woman. And if I go in early she doesn’t say a word about it. But if it keeps on I may lose that job.”
Reversal of the prior order rested on application of the ruling in Sharp Construction Co., Inc. v. Perez, 429 So.2d 367 (Fla. 1st DCA 1983), that part-time employment, absent evidence of futility in further search, amounted to voluntary limitation of income. The distinction asserted by appellee, noted in the first opinion, supra, is that more than four hours work per day was available in his employment. We do not, however, find the necessary record support for a conclusion that claimant attempted to work full time, even assuming that was available. His testimony instead was merely that he tried to keep a 20-hour work week, so that the prior voluntary limitation ruling as to earlier months should control this appeal.
The order is therefore reversed and the claim dismissed.
NIMMONS and ZEHMER, JJ., concur.