477 So.2d 591 (1985)
Eddie ANDERSON, Appellant,
v.
S & S DIVERSIFIED, INC., and Aetna Casualty & Surety Co., Appellees.
No. BA-485.
District Court of Appeal of Florida, First District.
August 14, 1985.
Rehearing Denied October 24, 1985.
*592 Goodmark & Goodmark, West Palm Beach, and Janet W. Freeman, Palm Beach, for appellant.
R. Fred Lewis of Magill & Lewis, Miami, for appellees.
WENTWORTH, Judge.
The claimant in this case appeals a workers' compensation order which (1) denied two months wage loss for lack of a job search, and (2) applied the deemed earnings provision to diminish the wage loss award for six months when his search was found to be "sporadic and ineffective."[1] Carrier does not cross appeal. Claimant argues a lack of competent substantial evidence to support the finding of voluntary limitation of income by inadequate search and refusal of rehabilitation, and argues alternatively a lack of evidence to show the degree of earning capacity computed by the deputy.
*593 We affirm the denial of penalties and proportionate denial of wage loss in this case for the six months when the deputy found that claimant voluntarily limited his income by inadequate work search and refusal of rehabilitation. We find, however, that the deputy erred in not making the same computation for the two months when he found no job search, because the statute applies equally to inadequate and absent search and denies compensation only to the extent that income "would have been earned" by the impaired claimant absent voluntary limitation. § 440.15(3)(b)2, Florida Statutes.
Although the record presents arguable evidentiary issues, we defer to the deputy's fact finding function on the critical points. The appellees, in defending the award of diminished benefits, expressly rely on inadequacy of work search and consequent voluntary limitation by claimant. Based on recited evidence[2] of both physical and economic impairment factors the order finds:
Claimant has been capable of working at least 30 hours per week... . At best [his] job search was sporadic and ineffective... . In view of [his] refusal of rehabilitative help and his relatively inadequate job search, I believe it is appropriate to apply the concept of deemed earnings in this case.
The deputy accordingly determined, as the statute requires whenever income is voluntarily limited, that claimant should be deemed "able to earn" the amount "which would have been earned" absent limitation, i.e., 30 hours weekly at $7.50 per hour, or $967.50 per month. The order then awards only claimant's wage loss in excess of that amount, which is unaffected by voluntary limitation because the wage loss to that extent would have occurred even if claimant had earned to his full ability at that time. In light of our recognition[3] that the statutory terms "able to earn" and "would have ... earned" are not susceptible of precise definition, we conclude the deputy had a sufficient basis for fixing claimant's economic impairment at 25%. That measurement is greater than his rated 10% anatomic impairment, but less than might be inferred from the 1981 medical restrictions or from claimant's reported earnings during his intermittent employment.
The order herein, denying the wage loss claim to the extent claimant was found able to earn, complies precisely with the rule of earlier cases which hold that inadequate work search, alone or in conjunction with other factors, may constitute voluntary limitation of income so as to trigger the application of the statutory formula:
... a specific finding ... that the claimant had voluntarily limited her income by not conducting an adequate work search ... triggers the provisions of Section 440.15(3)(b)2, Florida Statutes 1979:
"... In the event the employee voluntarily limits... income ... the salary ... the employee is able to earn ... shall be deemed to be the amount which would have been earned if the employee did not limit his or her income ..." (emphasis supplied)
Leffler v. Grand Union, 409 So.2d 1145 (Fla. 1st DCA 1982). See also City of Cocoa v. Adams, 419 So.2d 720 (Fla. 1st DCA 1982); Vida Appliances, Inc. v. Gates, 416 So.2d 1186 (Fla. 1st DCA 1982); *594 Pompano Roofing Co. v. O'Neal, 410 So.2d 971 (Fla. 1st DCA 1982).
The deputy improperly rejected the statutory formula for the two months when he found no work search, while simultaneously applying the deemed earnings rule to other months when claimant was subject to the same factors, supra, showing diminished potential for earning even if employed. The work search requirement, however important and integral it may be to the proof of wage loss claims, must be applied as an "evidentiary test for employability"[4] and not as a condition precedent to any consideration of the merits of a wage loss claim. "... [T]he so-called `work search' test is merely the evidentiary vehicle by which employability, or lack of it, is proven,"[5] and "there are a number of criteria by which wage-earning capacity must be measured, and `no single factor is conclusive.'" Walker v. Electronic Products & Engineering Co., 248 So.2d 161, 163 (Fla. 1971). Of course, claimant's physical or mental condition may be such that the total absence of a job search is reasonable and justified. Chicken-'N-Things v. Murray, 329 So.2d 302 (Fla. 1976); Sizemore v. Canaveral Port Authority, 332 So.2d 23 (Fla. 1976).[6]
However the work search rule may be stated in a specific opinion, we must remain cognizant that "the mere articulation of some work search deficiency under the facts of a particular case does not convert that element into an essential evidentiary requirement... ." Regency, at p. 877, 878. That cautionary language appears in the same opinion detailing, at p. 876, the employee's burden to show "an adequate and good faith attempt to secure employment commensurate with his abilities so as to establish, prima facie, an economic loss and to show that he ... has not voluntarily limited his ... income... ." The latter language is clearly intended to be consistent with and applied in conjunction with both the deemed earnings statutory prescription and the general rule that other factors in the employability formula, such as physical limitation, may render work search irrelevant to some part or all of a wage loss claim.[7]
We therefore affirm the order except with respect to the months of January and March, and reverse and remand for the entry of an order for proportionate benefits for those months consistent with this opinion and with the deputy's findings and order on the remainder of the claim.
*595 ZEHMER, J., concurs.
NIMMONS, J., dissents with written opinion.
NIMMONS, Judge, dissenting in part.
I disagree with the majority's reversal of the order's denial of wage loss for the months of January and March and would affirm such denial. And, with respect to the other months, while I agree with the majority's rejection of the appellant/claimant's assertion that he was entitled to 100% wage loss benefits instead of the lesser amount based upon "deemed earnings," I disagree with the majority's conclusion that the deputy was correct in awarding wage loss based upon deemed earnings. I agree to affirmance of this award only because the E/C has, in defending such award, urged the correctness of the deputy's allowing the claimant to recover on a deemed earnings basis. In my view, the claimant failed to satisfy his initial burden of showing, either by work search or alternative proof,[1] a causal connection between his claimed loss of wages and his industrial accident. Where a claimant fails to satisfy such initial burden, we have held that the deemed earnings provision is inapplicable. D & R Builders v. Quetglas, 449 So.2d 988 (Fla. 1st DCA 1984). Claimant was therefore not entitled to any wage loss award.

ON MOTION FOR REHEARING DENIED
WENTWORTH, Judge.
On motion for rehearing the appellee carrier argues, essentially, that our application of the voluntary limitation/deemed earnings statute in this case collides with opinions in which the statute was not considered but all wage loss was denied for months when work search was absent. Piccadilly Cafeteria v. Polite, 433 So.2d 591 (Fla. 1st DCA 1983); Pan Am Tobacco Corp. v. Brown, 416 So.2d 1211 (Fla. 1st DCA 1982); University of West Florida v. Nall, 404 So.2d 381 (Fla. 1st DCA 1981). Analysis of those cases shows no such manifest conflict. Instead they illustrate the variety of complex evidentiary issues underlying any determination of the extent to which inadequate work search or other voluntary limitation of income precludes wage loss benefits. For example, Clemmons v. Carroll, 438 So.2d 995 (Fla. 1st DCA 1983), affirmed a deputy's conclusion that wage loss benefits were properly suspended when claimant did not look for work for several months when more than a year had elapsed since an order finding him to be capable of light work. Claimant's argument that he "would probably earn [only] minimum wages," and would remain entitled to his maximum rate because of his high former wage, was clearly speculative under the circumstances. Carrier had made payments for a lengthy period without proof of search, and the deputy reasonably noted, in substance, that re-entry in to the labor market serves many purposes in addition to mitigation of carrier's wage loss liability for a given month. Work search was in that case indispensable to any entitlement because claimant's particular circumstances showed "[h]is only option is to ... work his way up the ladder of success. Whether he is capable of doing this is not known but the effort must be made. He must start somewhere." Those salutary principles clearly do not foreclose application of the statutory deemed earnings rule in the facts detailed in the opinion in this case.
Motion for rehearing is denied.
ZEHMER, J., concurs.
NIMMONS, J., dissents with written opinion.
NIMMONS, Judge, dissenting in part.
I would grant rehearing only with respect to the majority's reversal of the deputy's denial of wage loss for the months of January and February. With respect to the other grounds raised in the motion for rehearing, I would deny the same for the reasons set forth in my earlier dissenting opinion.
NOTES
[1] Claimant's weekly compensation rate was $204.80 based on an average weekly wage of $307.20. The award was limited to $147.55 monthly by apparent application of the statutory formula prescribed for computing compensation payable when the deputy finds income has been voluntarily limited. § 440.15(3)(b)2, Florida Statutes.
[2] The order reads in pertinent part:

10. Although I accept the deposition testimony of Dr. Dolce that the claimant has permanent impairment as a result of his compensable accident, I believe the restrictions outlined by Dr. Dolce may be more than are warranted by the claimant's objective findings. Additionally, Dr. Dolce last saw the claimant in October of 1981, and I am not certain how valid his findings are when considered today, especially since the claimant apparently has been able to perform satisfactory work since then. While I do believe that the claimant may have some physical difficulty in attempting to work a full 40-hour week as a laborer, I believe that he is capable of working as a laborer for less than a full week. In view of the claimant's refusal of rehabilitative help and his relatively inadequate job search, I believe it is appropriate to apply the concept of "deemed earnings" in this case.
[3] Regency Inn v. Johnson, 422 So.2d 870, 875 (Fla. 1st DCA 1982).
[4] Ibid., p. 877, note 5.
[5] Flesche v. Interstate Warehouse, 411 So.2d 919, 922 (Fla. 1st DCA 1982).
[6] Ibid, note 3. See also Regency Inn v. Johnson, p. 877, note 5: "We submit ... that consideration of the factors [physical impairment, age, industrial history, training ... motivation, work experience, work record, diligence] is still required ... in determining ... whether the employee has voluntarily limited his employment... ."
[7] See Publix Supermarkets, Inc. v. Franklin, 467 So.2d 1031 (Fla. 1st DCA 1985), distinguishing cited cases as follows:

[T]he facts stated in the opinion in D & R Builders, Inc. v. Quetglas, 449 So.2d 988 (Fla. 1st DCA 1984), do not indicate any basis such as that present here for invoking the deemed earnings provision, other than the conceded voluntary limitation of income by inadequate search. Therefore a job search in that case would presumably have been indispensable to any proof of inability to earn. Because the cases presented no legal or factual basis for application of deemed earnings, the court properly denied remand.... Nothing in Regency or Quetglas, or the numerous other opinions which we have reviewed, forecloses a claimant from satisfying his initial burden by alternative proof of an economic loss such as that in the present case. A claimant may, however, have the burden of establishing irrelevance of an adequate work search when other evidence (such as lengthy performance of his original job duties without shelter) indicates a lack of causal connection between wage loss and accident. Photo Electronics Corp./WPEC v. Glick, 432 So.2d 164, 165 (Fla. 1st DCA 1983). There are, of course, an extreme variety of potential evidentiary issues in establishing a prima facie case of causal connection between a compensable accident and later wage loss. Whether or not job search evidence is primary or secondary, i.e., whether it is relevant only after some other initial burden is met by a claimant, clearly must be decided in the context of particular facts, and our opinions must be read in that light.
[1] See Publix Supermarkets, Inc. v. Franklin, 467 So.2d 1031 (Fla. 1st DCA 1985).