SHIVERS, Judge.
The employer/carrier (E/C) appeal the deputy’s award of wage-loss benefits based on deemed earnings. We affirm.
The claimant in this workers’ compensation case was injured in a compensable accident on March 27, 1981, and was paid both TTD and wage-loss benefits by the E/C through March 31, 1984. After that date, the E/C suspended all benefits on the basis that the claimant had not undertaken a good-faith job search, had voluntarily limited his income, and had not shown any wage loss connected to or resulting from his compensable injury. Claimant filed a *734 claim for wage-loss benefits and a hearing was conducted before the deputy.
The evidence presented at the hearing indicated that claimant began a course of study in “mid-management” at Indian River Community College in August of 1982. He continued his studies at the college despite the recommendation of the carrier’s rehabilitation counselor that a mid-management degree would yield employment outside of claimant’s physical limitations.
Claimant testified that he searched for sales- or clerical-type work from April 1, 1984 through September 30, 1984. He did not look for work in April, May or June of 1984 as he was in school at the time. He estimated that he contacted approximately 20-25 employers during that period of time. The written list admitted into evidence documented only 11 contacts. The evidence also showed that, prior to moving to Florida, claimant worked in New York as a flooring and carpet salesman and made approximately $20,000 one year.
The only medical evidence presented was the deposition of Dr. Stalker and the office notes of Drs. Stalker and Fraraccio (claimant’s treating orthopedic surgeons). In his deposition, Dr. Stalker referred to a March 23, 1984 office note which stated:
W.C. called to find out if patient could be released to light duty of any kind. Dr. Fraraccio said he could do light duty with restrictions of no lifting over 20 pounds, no bending, stooping, squatting, kneeling, no prolonged standing. The most likely job would be that of a clerical-type position, or one that requires periods of standing with breaks allowed for sitting.
In his final order, the deputy found that claimant had applied for appropriate jobs considering his physical limitations, but that he had failed to conduct an adequate job search in light of the number of contacts made. Despite the finding of an inadequate job search, the deputy determined the claimant to have deemed earnings of $160 per week and awarded wage-loss benefits based on his deemed earnings.
The E/C now argue on appeal that it was error for the deputy to apply the deemed earnings provision and to award wage-loss benefits where he specifically found that claimant had not performed an adequate job search. In support of this argument the E/C cite D & R Builders v. Quetglas, 449 So.2d 988 (Fla. 1st DCA 1984). Further, appellants argue that claimant failed to show that his wage loss was attributable to any medical restrictions and, therefore, that he should not be excused from a job search to the extent allowed in Publix Supermarkets, Inc. v. Franklin, 467 So.2d 1031 (Fla. 1st DCA 1985).
We disagree. The medical evidence presented in this case indicates that claimant was restricted as to the type of work he could perform, while there was also evidence that the claimant had voluntarily limited his income. As was held to be appropriate in the Publix case, the DC awarded benefits only for that portion of wage loss attributable to claimant’s medical restriction. The Quetglas case is distinguishable in that the wage loss there was attributable solely to the claimant’s con-cededly inadequate job search.
Accordingly, the deputy’s award of wage loss and calculation of deemed earnings is AFFIRMED.
L. SMITH and BARFIELD, JJ., concur.