508 So.2d 763 (1987)
AUSTEN CONSTRUCTION MANAGEMENT CORP. and U.S. Fidelity & Guaranty Co., Appellants,
v.
Steve WATERS, Appellee.
No. BM-302.
District Court of Appeal of Florida, First District.
June 16, 1987.
Susan J. Arrick, of Errol S. Cornell, P.A., Miami, for appellants.
Renee R. Pelzman, of Levine, Busch, Schnepper & Stein, Miami, for appellee.
ZEHMER, Judge.
The employer and carrier appeal an order of the deputy commissioner granting claimant, Steve Waters, temporary partial disability benefits, medical benefits, vocational rehabilitation, costs, and attorney's fees. They complain that the record does not support the award of disability benefits and medical benefits. We affirm.
Claimant was injured February 16, 1982, when he fell from a scaffold at work and landed on the left side of his chest and head. He filed a claim for temporary total or temporary partial disability benefits, wage-loss benefits from the date of maximum medical improvement, rehabilitation services, and psychiatric treatment. Testimony at the hearing revealed the following: After claimant was released from the hospital, the employer and carrier authorized care by Dr. Yates, a specialist in neurosurgery. Dr. Yates testified that claimant had suffered organic brain damage in his fall, but that he did not suffer any neurological impairment. Dr. Yates believed that claimant's symptoms  dizziness, difficulty with short-term memory, severe headaches, flashbacks to his accident, and fear of heights and falling  were psychological problems rather than neurological ones. On Dr. Yates' recommendation claimant was sent to Dr. Center, a neuropsychologist, for psychological and psychometric testing. Dr. Center's testimony was not introduced into evidence.
*764 On his own initiative, claimant sought the advice of Dr. Mutter, a psychiatrist. Dr. Mutter diagnosed claimant as having post-concussion syndrome with agoraphobic components and an underlying depression. Dr. Mutter felt that claimant's fear of heights would severely impair his ability to work as a carpenter, his only trade, and that his limited education would make it difficult for claimant to pursue other occupations. For this reason Dr. Mutter recommended rehabilitation. At the hearing, counsel for the employer and carrier agreed to have claimant return to Dr. Mutter for an evaluation and any treatment Dr. Mutter might recommend.
Claimant testified in part that since his accident he has occasionally helped his brother run a lawn service and has had some odd jobs, but has not worked full-time because of his medical problems. He testified that he had called places which advertised work in the newspaper, and had filled out some job applications. He gave few specifics on these attempts to obtain work, however.
The deputy's order found that claimant is unable to return to his former type of work, is limited in the type of work he is able to perform, and has been unable to find a job because of his numerous physical and psychological complaints. The order awarded claimant temporary partial disability benefits based on deemed earnings measured primarily by claimant's earnings at his brother's lawn maintenance service. The deputy determined that claimant is in need of vocational rehabilitation and job training. The order also awarded the claimant medical benefits, including reimbursement for his past evaluation by Dr. Mutter and future evaluation and treatment by Dr. Mutter, based on a finding that the employer and carrier's counsel agreed to this during the hearing.
Appellants first contend that the deputy erred in awarding claimant temporary partial disability benefits without requiring either an adequate work search or medical evidence of claimant's inability to work. While there is no medical evidence of claimant's total inability to work, the record does contain competent substantial evidence of medical limitations and disability that would affect claimant's ability to function as a carpenter. Because the state of the record is that claimant, although not totally disabled, is capable of working only with certain medical limitations, the deputy's finding of temporary partial disability is not error.
We agree with appellants that the record does not contain competent substantial evidence of a job search; however, the deputy's order is not predicated on any such finding. Rather, his order implicitly rejects claimant's testimony as insufficient to establish a valid job search, but concludes that because claimant is partially disabled and has voluntarily limited his income he is subject to the deemed earnings provisions in section 440.15(4)(b). A valid job search is not an absolute condition precedent to an award of partial disability wage-loss benefits, but only an evidentiary burden; deemed earnings may be an acceptable alternative method of proof where the evidence shows a voluntary limitation of income due to medical limitations and disability coupled with a residual ability to earn a certain amount per week. Publix Supermarkets, Inc. v. Franklin, 467 So.2d 1031 (Fla. 1st DCA 1985). We conclude that the record contains sufficient evidence to sustain the deputy's findings of medical disability and resulting economic loss, and that his application of deemed earnings to establish the amount of the award is not error.
Appellants next contend that the deputy misinterpreted counsel's agreement during the hearing as authorizing an evaluation by Dr. Mutter. The deputy, based on this agreement, ordered the carrier to pay Dr. Mutter's past medical bill and any future treatment by Dr. Mutter. The record indicates that counsel for the carrier clearly agreed to authorize both a reevaluation and treatment if treatment was indicated:
A: At any rate, I have no objection to authorizing a re-evaluation and if Dr. Mutter's opinion is that he needs treatment, I'll authorize the treatment.
*765 (R. 95). Thus, the only part of the deputy's order subject to objection is the portion which directs the carrier to pay the bill for claimant's original evaluation by Dr. Mutter. The carrier should have filed a motion for correction under Workers' Compensation Rule 4.141 and raised this issue before the deputy. "[W]e will not reverse for a readily correctable technical error that the deputy was not asked to correct within the time available for correction." Sunland Hospital v. Garrett, 415 So.2d 783, 785 (Fla. 1st DCA 1982).
AFFIRMED.
ERVIN and SHIVERS, JJ., concur.