558 So.2d 514 (1990)
XEROGRAPHICS AND CLAIMS CENTER, Appellants,
v.
Brian A. BENDER, Appellee.
No. 89-875.
District Court of Appeal of Florida, First District.
March 21, 1990.
Kathleen Hudson and Larry Cangro of Matusek, McKnight, Hudson, & Jaspers, P.A., St. Petersburg, for appellants.
Barry M. Salzman of Chambers & Salzman, P.A., St. Petersburg, for appellee.
*515 NIMMONS, Judge.
The employer and its carrier appeal a final workers' compensation order in which the Judge of Compensation Claims (JCC) awarded claimant temporary total disability benefits after concluding that claimant was in fact capable of returning to work. The order is erroneous in awarding benefits for temporary total disability. However, for the reasons hereinafter stated, the benefits awarded are affirmable for the claimant's temporary partial disability.
Temporary total disability is generally characterized as the healing period during which the workers' compensation claimant is, by reason of the injury, totally disabled and unable, in any anatomic sense, to work. See Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). When a worker recovers the physical ability to do some form of work, although limited in kind or amount, and has not yet reached MMI, that worker is no longer considered temporarily totally disabled. Rather, such a worker is considered temporarily partially disabled and may be entitled to TPD wage loss benefits.
Scriven is analogous to the instant case. There, the claimant continued to receive TTD benefits after the treating physician had advised her to return to work. This court held that when an injured worker has recovered the ability to work and is searching for work, but has not yet found gainful employment, and has not yet reached maximum medical improvement, that worker is not entitled to temporary total disability benefits, but, rather, to temporary partial disability benefits during a conscientious search for work until maximum medical improvement is reached. Moreover, the court recognized that simply being able to work and to search for work is not economically equivalent to gainful employment. Therefore, the compensable injury continues temporarily to manifest itself, until maximum medical improvement, in the form of a partial disability for which the workers' compensation law requires commensurate compensation based on actual wage loss. § 440.15(4)(a), Fla. Stat.[1]
In the present case, the JCC mischaracterized the benefits to which claimant was entitled during the period at issue as temporary total disability benefits because the evidence established only that the claimant was suffering a temporary partial disability. See Tallahassee Coca Cola Bottling Co. v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981); Shop & Go, Inc. v. Copeland, 549 So.2d 803 (Fla. 1st DCA 1989). Neither claimant's treating physician nor the JCC considered claimant totally disabled. Claimant's treating physician testified that claimant had not reached maximum medical improvement and repeatedly indicated that claimant was in fact capable of sedentary light-duty work. The JCC recognized in his final order that claimant was capable of some form of limited work activity during the period at issue.
Once physically able to do some form of work, a claimant may establish his eligibility for TPD benefits if he can demonstrate that he has made an adequate good faith work search. Piccadilly Cafeteria v. Polite, 433 So.2d 591 (Fla. 1st DCA 1983). The adequacy of a work search is a factual issue. Trujillo v. Southern Wine & Spirits, 525 So.2d 481 (Fla. 1st DCA 1988). In the present case, the JCC found in his final order that claimant's job search was sufficient in view of his severe physical restrictions. We find that the JCC's findings in this regard are supported by competent substantial evidence.
Claimant, being able to work, is not entitled to TTD benefits for the period in question. Rather, having demonstrated a good *516 faith work search, claimant is entitled to TPD wage loss benefits. The order is erroneous only in designating the compensation award as TTD benefits instead of TPD benefits. Accordingly, the order is hereby modified to award TPD benefits for total wage loss for the period between May 16, 1988 to November 12, 1988.
As so modified, the award of benefits is AFFIRMED.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] As stated in Scriven:

[I]t does not necessarily follow from this worker's recovery of physical ability to work that she also miraculously recovered, by virtue of the doctor's pronouncement, an immediate ability to earn from work the same "salary, wages, and other remuneration" she earlier lost by this industrial accident. At that point she was a worker without a job, still short of maximum medical improvement, still injured and recovering, and in that condition still partially disabled both physically and economically due to "personal injury ... by accident arising out of and in the course of employment." Sec. 440.02(6).
418 So.2d at 324.