PER CURIAM.
Appellant, the claimant in a workers’ compensation case, appeals an order awarding wage loss benefits, but subjecting such award to the deemed earnings provisions of Section 440.15(3)(b)(2), Florida Statutes, because the judge of compensation claims *1133 found that appellant had voluntarily limited his income. The appellant argues that the judge of compensation claims erred: (1) in admitting certain testimony of the appel-lees’ vocational consultant, (2) in denying benefits from January 7, 1990 through January 20, 1990, and (3) in deeming the claimant’s income to be $280.00 per week during 1989 and $300.00 per week during 1990, although the parties had stipulated to a $200.00 per week deemed earnings figure.
Since we find that any error under the first point, which is the only point challenging the judge’s finding that appellant voluntarily limited his income, was harmless, we affirm the finding that the appellant voluntarily limited his income. Accordingly, we find that the judge was correct in applying the deemed earnings provisions of Section 440.15(3)(b)(2).
As to the second point, we reverse the judge’s denial of wage loss benefits from January 7, 1990 through January 20, 1990. Austen Constr. Management Corp. v. Waters, 508 So.2d 763, 764 (Fla. 1st DCA 1987); Publix Supermarkets, Inc. v. Franklin, 467 So.2d 1031 (Fla. 1st DCA 1985).
As to the final point, we find an absence of competent substantial evidence that appellant had an earning capacity in excess of the $200 per week figure stipulated to by the parties. Therefore, we reverse that portion of the order which charges the appellant with deemed earnings in excess of that amount.
The order on appeal is affirmed in part and reversed in part, and this cause is remanded for further proceedings in accordance with this opinion.
MINER and ALLEN, JJ. and VICTOR M. CAWTHON (Retired Associate Judge), concur.